*649
 
 Pearson, J.
 

 Baker
 
 v.
 
 Wilson,
 
 3 Ire. 168, settles this case. There, certain engineers, in the service of the United States, had surveyed and marked out the line of a road, contemplated to be made by the Federal government. The government abandoned the road, and the County Court of Yancy, availing itself of the survey an 1 location which had been made, passed an order, that the plaintiff, Baker, oversee the road, from the top of the mountain, &c., and assigned hands; among others the defendant, who refused to work, and was warranted for ihe penalty. The Court decided in his favor, on the ground, that the road had not been established according to law, a common public highway, whieh the inhabitants were bound to keep up. “Gastqk, J. Our laws are explicit in requiring no newroad shall be laid out, but by a judgment of the Court upon notice, and a petition filed, and allows an appeal by any person dissatisfied with the judgment. Rev, St. ch. 104, and sees. 2 and 3. These provisions would be substantially annulled, if the mere appoint-mentof an overseer and assignment of hands toa supposed road were to be held,
 
 per se,
 
 a judicial determination that a public road be laid out. when none before existed. Sue’han o der may
 
 he-pruna facie
 
 evidence of the existence of the road, but it is competent for the inhabitants when sued, for refusing to work, or for the person appointed overseer, when indicted for not putting the road in order, to shew that there is no such road to be made or repaired.”
 

 The defendant is indicted as an overseer, for neglecting to keep the road in repair. He says there is no such common highway, and that the order in the County Court was void and of no effect. The facts are, that, in 1827, the Legislature authorised certain commissioners to lay off a road, which road was vested in "Col. Avery for twenty-five years, he undertaking to make and keep it in repair, for and during that time, in consideration of
 
 *650
 
 the exclusive privilege conferred on him of taking tolls and owning it as a
 
 turnpike
 
 road. The.road was accordingly made and gates erected and toll received for some four years, when Avery threw open his gates and allowed any one to travel along it who chose, and he expressed a willingness that the County might take it as a County road. This state of things continued for about
 
 12
 
 years, when, the County Court, without a petition being filed, and notice given as the statute requires, made an order, appointing the defendant overseer, and assigning hands.
 

 We agree with the defendant, that this is not a common public highway, which the inhabitants are bound to keep in repair. It was chartered and originally made as a turnpike, and it has not been changed into a common County road, by any such proceeding, as the law requires. Avery, by
 
 non user,
 
 has subjected his franchise to forfeiture ; but it is not in fact forfeited, and the right divesled. That can only be done by judgment on
 
 sci fa;
 
 on the same principle that an estate of land can only be defeated by force of a condition upon
 
 actual
 
 entry.— There has been no surrender of the franchise ; that could only be, with the consent of the legislature, the grantor; and there has been no “dedication” of the road to the public. A dedication, like most other matters, can only be effectual with the consent of both parties. Avery we will suppose willing to make the dedication ; still it 1 as not been accepted by the proper authority, acting for and on behalf of the public; and admitting, that, hada pi tition been filed in the County Court, setting out a wish to dedicate, and praying that it might be established as a common public road, and due notice, wi th the right of appeal according to thestatufe, that the proceeding wou’d have been effectual to make it a common public road; 8 i I
 
 that has not been done.
 
 And admitting that if the publio had used it as a road and the County Court had so
 
 *651
 
 recognised it, by the appointment of overseers and hands to keep it in repair
 
 for twenty
 
 years, which is the shortest time, that there would then have been the presumption of a dedication; still that has not been done, and so there has neither been an express nor an implied dedication. Several cases were cited, as to the manner.of dedicating streets, by laying off and settling lots in towns. Those eases have no bearing, because the manner of establishing County roads, is expressly regulated and provided for by statute.
 

 The case may be looked at in another point of view.— The franchise has never been divested out of Avery. Suppose the defendant had gone on and put the road in good repair, and Avery had then erected his gates, as he might have asserted a right to do ; it would have presented a strange state of things ! Or suppose the solicitor had sent a bill of indictment against Avery for not beeping his road in repair, as he had undertaken to do, for the term of 25 years, and that and the present indictment were called for trial at the same time — a strange state of things would have again been presented; and yet. there is no question, that Avery has, during all this time, been liable to an indictment. If he made abad bargain or “missed his calculation,” he ought to have petitioned the legis. Ja ture to accept a surrender.
 

 It was probably expedient to have this road, provided those whd used it, would pay for making and keeping it In repair; but
 
 non constat
 
 that it is expedient to establish the road, if the labor of a sparse population is to be taxed to keep it up.
 

 The judgment in the Court below must be reversed and judgment for the defendant.
 

 Per Curiam. Judgment reversed and judgment for the defendant.