Manly, J.
 

 The special verdict in this case presents the enquiry, whether mere use of a way or road by the people of a neighborhood for a long lapse of time, to go to church and other neighboring places, is a public road. The road does not appear to have been laid off agreeably to the provisions of our statute law; it is not of the width prescribed for our highways, and it has not been treated as a highway by the appointment of an overseer with laborers to keep it in repair. Upon no principle, therefore, of which we are aware, can it be classed among the
 
 public roads
 
 of the country which it becomes indictable to obstruct.
 

 
 *286
 
 The Code declares that all roads laid out or appointed by the General Assembly, or by order of court, are public roads, and roads which have been used by the public through a sufficient length of time to justify the presumption of a lawful origin, have been held by this Court to be public roads upon the principles of the common law ;
 
 Woolard
 
 v. McCullough, 1 Ired. Rep. 432;
 
 State
 
 v. Hunter, 5 Ired. 369;
 
 Davis
 
 v. Ramsay, 5 Jones’ Rep. 236.
 

 But, we take it, in respect to this latter mode of testing the character of a road, that the use by the public must be of such a nature as to apprise the proprietor of the land that it is claimed by the public as a matter of right; -as, by an assumption of jurisdiction over it by the court which is charged with the repair of the public ways, or, at least, by some other unequivocal act or acts which shall guard the owner against the supposition that the use is from him “ of special favor.”
 

 The verdict excludes the inference that this way was used by the public at large in any sense, and declares it was used by the
 
 jpeople of a neighborhood
 
 to get to church, &c. It is not, therefore, a public road, and we concur with the Superi- or Court in the judgment that the obstruction of it is not indictable.
 

 From the finding of the jury, we suppose the road terminated at the church, and was, therefore, what is called in French phrase, a “
 
 cul de sac?
 
 It is difficult to conceive of a highway a mile long, and closed up at one end, for the public at large cannot be in use of it; and if a road be for the accommodation of particular persons only, it cannot be a public road. An indictment which should charge the stopping
 
 “ communem viam ad ecalesiam pro
 
 parochianis,” would clearly be bad, “for then the enquiry would extend no further than to the
 
 pa/rishoners,
 
 which is a private grievance according to what is said by Lord Hale in
 
 Thrower’s
 
 case 1 Ventris Rep. 208.
 

 This opinion is irrespective of the rights of the Church, or of the people worshiping at that place, to this way as a private easement, or to the rights of others to the road upon a
 
 *287
 
 similar principle. Of this, we say nothing, because a violation of such rights is redressed by private actions, and not by public prosecutions.
 

 Per Curiam,
 

 Judgment affirmed.