A. H. BOYDEN v. ACHENBACH.

*Roads—Presumption of Dedication to Public Use.*

1. The mere user of a footpath or neighborhood road, however long the time, will not raise a presumption of its dedication to public use, in the absence of accompanying circumstances (as if it had an overseer, &c.,) from which such dedication might be presumed.

2. In an action to enforce a right of way, the complaint should set out *how* the plaintiff acquired such right.

3. A private action does not lie for obstructing a public way except for a special injury sustained by the plaintiff.

(*State* v. *Johnson*, Phil. 140; *State* v. *McDaniel*, 8 Jones 284; *Moore* v. *Hobbs*, *ante*, 535, cited and approved.)

CIVIL ACTION tried at January Special Term, 1878, of ROWAN Superior Court, before *Kerr, J.*

The plaintiff claimed that he was entitled to a right of way and had acquired an easement over the land of the defendant, and that defendant had obstructed the same. The defendant in his answer denied the plaintiff's allegation, and insisted that if he ever possessed such right, it was lost by operation of the statute of limitations. The plaintiff introduced evidence tending to show that he and those under whom he claimed had peaceably and of right, and adversely to all persons for forty years, so used the right of way. The evidence offered by defendant tended to show that he purchased the land in the year 1873, and for more than three years before the commencement of this action had closed said way and refused to allow the plaintiff or any other person to use it, although the plaintiff always claimed the right to do so. The defendant insisted that if plaintiff had ever acquired an easement, it was barred by the statute. Under the instructions of the Court, the jury found for the plaintiff, and an order was made in accordance with the demand in the complaint, commanding the defendant to remove the obstructions, &c. From this judgment the defendant appealed.

*Mr. J. S. Henderson*, for plaintiff.
*Messrs. J. McCorkle* and *W. H. Bailey*, for defendant.

READE, J. In England there were three kinds of public ways, one called "*iter*" over which the public passed on foot; another called "*actus*" over which they passed on foot and on horseback; and a third called "*via*" over which they passed on foot and on horseback and in vehicles with wheels. *State* v. *Johnson*, Phil. 140. Coke Litt. 56, a, b, Bacon, Ab. In that old and thickly populated country where lands were of great value, the rights of the public and of individuals were sharply defined, and all of these roads were important. The "*via*" however was most im--

portant and by pre-eminence was called *the highway.* And to the highway the robbery acts were confined.

Distinguished from these was the incorporeal hereditament, easement, or right of way which one acquired over the land of another in which the public had no interest whatever. This right of way was acquired either by prescription, being user for a time whereof the memory of man runneth not to the contrary, or by grant. If by grant, the grant itself was the proof, or the grant being lost, twenty years user raised a presumption that it once existed. In our new country the "highways" alone were of much public importance. These were laid off and established by order of Court and kept up at the public charge. To the highways were added "cartways" for persons who occupied land to which there was no public highway. These were also laid off and established by order of Court, and when established, they were for public use as well as for the use of the individuals at whose instance they were ordered. See Rev. Code and Bat. Rev., title *Roads,* &c. We have also a late act allowing roads to be laid off to places of public worship. Bat. Rev., ch. 104, § 45.

We have no other kinds of public roads in this State. The "footpaths" and "neighborhood roads" have never had that importance. They are understood to be used by leave, and they are closed when the owners of the lands desire to put them under cultivation or to enclose them. Their use can not be claimed by prescription, and a grant will not be presumed from any length of user under such circumstances. It is not however intended to be denied that where the public has used a way as a public road or cartway just as if it had been laid off by order of Court— as if it has had an overseer and hands and been worked and kept in order—for more than twenty years, it will be presumed that it was so laid off; or that the owner of the

land had dedicated it to the public; but the mere user of footpaths and neighborhood roads without such accompanying circumstances will raise no such presumption however long the time. In *State* v. *McDaniel*, 8 Jones, 284, the jury found a special verdict, that the road had been used by the neighborhood for sixty years in going to church, to mill, and to public highways on foot, on horseback, and in vehicles; and yet it was held not to be a public road which it was indictable to obstruct. In this country where land can not be cultivated without being enclosed, it would be a burden which farmers could not bear, if they had to make lanes of every pathway which has been used over their lands for twenty years. And the burden would be scarcely less upon the public, for every highway must have an overseer and hands to work, and bridges, and be kept in good repair, or the public authorities are indictable.

So much has been said because it is uncertain from the record what sort of way or road is contemplated in this case. The complaint sets out that plaintiff is cultivating a tract of land from which he had a right of way over the adjoining lands to a highway. We infer that he means over the defendant's lands, but he does not say so. Nor does he say *how* he acquired the right. And we have said in *Moore* v. *Hobbs*, *ante* 535, that it was not sufficient that the complaint should state that the defendant was indebted to the plaintiff, but that it must state *how* he was indebted,— the facts and circumstances. So here the complaint ought to have stated *how* he had the right of way.—was it a highway? or a cartway? Or did he claim by prescription? or by grant? While we would infer from the complaint that probably the plaintiff had in his mind a right of way, an incorporeal hereditament, yet the issue and verdict are upon a totally different idea. The issue and the only issue was:—"Has the *public* had the use of the road mentioned for forty years? Verdict: "Yes." That clearly indicates

not a private way or incorporeal hereditament, but a public highway, or at least a cart-way. There is certainly no finding to the effect that the plaintiff is entitled to a *private way;* but the most that can be made of it, is, that he is entitled as one of the public to a public way. And for obstructing a public way he is not entitled to a private action except for a special injury—as for throwing a log, over which he stumbles, or a pit into which he falls, and is injured. The answer fully denied the complaint, and both sides offered evidence. The case states that the plaintiff offered evidence tending to support his claim. And thereupon His Honor, instead of leaving the testimony to the jury, instructed them that the plaintiff was entitled to their verdict. This of course was error.

We can not satisfactorily decide as to the statute of limitation, because it is uncertain what the action is intended to involve. If the right of way is claimed as an incorporeal hereditament, as is probable, then six years is the statute. C. C. P. Probably upon leave had, the pleadings may be amended.

Error.        *Venire de novo.*