J. C. KENNEDY and others v. JAMES WILLIAMS.

## Roads.

A public highway is one under the control of and kept up by the public, and must either be established in a regular proceeding for that purpose, or generally used by the public for twenty years, or dedicated by the owner of the soil and accepted by the proper authorities of a county.
(*State* v. *Johnson*, Phil., 140; *State* v. *McDaniel*, 8 Jones, 284; *Boyden* v. *Achenbach*, 79 N. C., 539; *State* v. *Purify*, 86 N. C., 681, cited and approved.)

MOTION for an injunction to restrain the defendant from obstructing a road, heard at Spring Term, 1882, of LENOIR Superior Court, before *Gilmer, J.*

The restraining order theretofore issued was continued until the final hearing of the action, and the defendant appealed.

No counsel for plaintiff.
*Messrs. Strong & Smedes*, for defendant.

RUFFIN, J.   The plaintiffs, being the owners of certain public mills, complain that the defendant, by obstructing a certain public road leading to the same, has done them great damage in the way of loss of patronage, for which they seek to recover compensation of him ; and in the meantime, alleging that he intends to erect other obstructions, they ask for an injunction restraining him from so doing.

The appeal is taken from an order at chambers granting the injunction prayed for.

In his answer, the defendant denies that the road is a public highway, and insists that it has been hitherto used only by his permission, subject to be recalled at his pleasure.

Much testimony, in the way of affidavits and counter-affidavits, was offered by the parties in support of their respective positions, but it is unnecessary that we should refer to it at all, since, in the opinion of this court, the plaintiffs must fail upon their own allegations and proofs.

As alleged in their pleadings and testified to by themselves and their witnesses, the facts of the case are as follows :

Some six years before the institution of the action, the defendant, owning a tract of land in the vicinity of the plaintiffs' mills, agreed with them that if they would assist him in removing a certain barn and stable, he would give them and the public a right of way over his land, to lead from the Wilmington road, near by, to the mills, and thence out in another direction to the said Wilmington road.   The plaintiffs rendered the assistance asked, and thereupon the defendant removed his fence and established it along the proposed new road, saying that it should be a public road, free to the plaintiffs and all persons going to and returning from the mills.   As soon as thus opened, the public—that is to say, persons traveling—began to use the road, and have ever since continued to do so, though the county authorities

have not recognized it as a public road, or taken supervision of it.

The plaintiffs rightly concede that they can lay no claim to the road in question as a *private way* over the land of the defendant, the right to use which belongs to them. Such an easement in lands cannot be the subject of a parol grant.

The sole question then is—whether under the circumstances of the case it has become a *public highway*, as known to our law, the obstruction of which is unlawful, and gives a right of action to the plaintiffs for any special damages they may have sustained thereby.

According to the current of decisions in this court, there can be in this state no *public highway*, unless it be one, either established by the public authorities in a proceeding regularly constituted before the proper tribunal ; or one generally used by the public, and over which the proper authorities have exerted control for the period of twenty years ; or one dedicated to the public by the owner of the soil, with the sanction of the authorities, and for the maintenance and reparation of which they are responsible. *State* v. *Johnson,* Phil., 140 ; *State* v. *McDaniel,* 8 Jones, 248 ; *Boyden* v. *Achenboch,* 79 N. C., 539 ; *State* v. *Purify,* 86 N. C., 681.

To constitute it a public highway, however originating, it must be a public charge, and must of necessity have an overseer and hands to work it ; bridges erected when needed, and kept in repair at the public expense. And hence the law, in order to avoid an intolerable burden being thrown upon the public, will not permit every citizen, of his own head and according to his own ideas of necessity, to establish a highway by a mere act of private dedication.

Since there can be no pretence made that the officials of Lenoir county, whose duty it is to determine the wants of the people of that county, and who alone are capable of assenting to the establishment of the road in question as a

public highway, have ever given it their sanction, either by formal acceptance or by assuming the control of it, it must necessarily follow that it cannot be such a thoroughfare as renders the defendant liable to the plaintiffs' action, because of its obstruction.

It was therefore error in the judge to grant the order of injunction, and the same is reversed.

Error.          Reversed.