STATE v. J. H. LUCAS.

(Decided March 21, 1899).

*Church Road—User—The Code, Section 2065, Motion in Arrest—Proof.*

An indictment for obstructing a neighborhood road leading to a church, which follows the words of the Statute, Code, section 2065. will be sustained—still, to warrant a conviction, it is essential, in the absence of proof of an actual dedication, or of a laying out by public authority under The Code, section 2062, to show a user for twenty years, and it must have been worked and kept in order by public authority.

CRIMINAL ACTION for obstructing a road leading to a church. Conviction. Motion in arrest of judgment. Judgment and appeal.

STATEMENT OF THE CASE BY MR. JUSTICE CLARK.

Criminal action for obstructing a road tried before *Robinson, J.,* and a jury at October Term, 1898, of SAMPSON Superior Court upon the following indictment:

"The jurors for the State upon their oaths present that J. H. Lucas late of the County of Sampson on the 20th day of May, 1898, with force and arms at and in said County, a certain road leading to and from Bethel Church in Little Coharie Township, Sampson County, known as the 'Old Church road' leading from the Wilmington and Raleigh road, known as the 'Negro Head road' to said church, did wilfully and lawfully obstruct by putting his fence in the said road, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The following evidence was not controverted: That the road (the obstruction of which was admitted by the defendant) has been continuously used as an ordinary neighborhood road for many years by the general public before the erection of Bethel Church, which was in 1856, and after the erection of the church many residents of the neighborhood continued to pass over that part of the road, which defendant has now obstructed, in going to and from said church, but the road was never a public charge. No hands were ever assigned to work it, nor had it ever been laid off or kept up by any Court, County or Township authority, nor was it ever laid off, dedicated, set apart or acquired in any way by any one as a public or church road, except by its use as above stated, and it was not kept open by any one in particular but was kept open by such residents of the neighborhood as had occasion to use it and saw proper to do so.

The Court charged the jury that if they believed the evidence the defendant was guilty, to which the defendant excepted. Verdict of guilty. Defendant moved in arrest of judgment for that the indictment does not charge a criminal offence. Motion denied. Judgment and appeal.

*Attorney General* for the State.
*Mr. F. R. Cooper* for the appellant.

CLARK, J. The motion in arrest of judgment was properly overruled. The indictment follows the language of the statute (Code, Section 2065), which makes it a misdemeanor to "wilfully alter, change, or obstruct any highway, cart-way, mill-road or *road leading from or to any church* or other place of public worship, whether the right of way thereto be secured in the manner herein provided for or by purchase, donation or otherwise."

As to the exception to the charge, the law is clearly and succinctly stated thus by *Reade, J.,* in *Boyden v. Achenbach,* 79. N. C., 539: "Where the public has used a way as a public road or cart-way, just as if it had been laid off by order of Court—as if it had had an overseer and hands and been worked and kept in order—for more than 20 years, it will be presumed that it was so laid off; or that the owner of the land had dedicated it to the public; but the mere user of foot-paths and neighborhood roads without such accompanying circumstances will raise no such presumption however long the time. In *State v. McDaniel,* 53 N. C., 284, the jury found a special verdict that the road had been used by the neighborhood for 60 years in going to church, to mill, and to public highways on foot, or horseback and in vehicles, and yet it was not held to be a public road which it was indictable to obstruct." To like purport, *State v. Gross,* 119 N. C., 868; *Kennedy v. Williams,* 87 N. C., 6; *State v. Johnson,* 33 N. C., 647. It is true that in McDaniel's case *supra,* it was held, as the law then stood, that a road to and from a church, closed up at one end, a *cul de sac* as the Court termed it, could not be a public road because not a thoroughfare, and therefore that its obstruction was not indictable, and that Chapter 189, Acts 1872-3 (now Code, Section 2065) has since made it indictable, but none the less it is still essential in the absence of a laying out by public authority under The Code Section 2062, or actual dedication, not only that there must be 20 years user (as there was in this case), but the road must have been worked and kept in order by public authority. *Boyden v. Achenback, supra.* For error in instruction to the jury there must be a new trial.

New trial.