STATE v. R. H. HAYNIE.

(Filed 3 March, 1915.)

**1. Easements—Private Ways—Public Use.**

A reservation by deed to the grantor of a restricted easement across the lands conveyed, without defining or locating it, and which has not since been located, the grantor and his family going across the lands conveyed whenever they choose, is insufficient proof of an established right of way across the lands, much less of a cartway, and still less of a public way.

**2. Same—Statutes—Taking of Private Property—Constitutional Law.**

An act of the Legislature which declares private ways, restricted in their use, over the lands of the owner to be public ways, making their obstruction by the owner punishable under the criminal laws, is the taking of private property for a public use without just compensation, and is unconstitutional.

**3. Same—Due Process—Limitation of Actions.**

A public-local law which shortens the period for the running of the statute of limitations to a time already expired and depriving the owner of lands of his right to stop the public user of a private right of way thereover, and declares the right of way a public one, is unconstitutional in taking the property of the owner without due process of law and in denying him the equal protection of the laws.

**4. Statutes—Declaratory—Interpretation—Vested Rights—Retroactive Laws.**

Statutes which deprive citizens of their rights under former laws should not be construed to be retroactive unless the legislative intention to that effect clearly appears therefrom.

**5. Easements—Dedication—Acceptance—Presumptions—Statutes.**

In order to establish an easement for the public use over the lands of a private owner, there must be a dedication thereof by the owner and an acceptance on the part of the proper authorities, or acts on the part of both which would, expressly or impliedly, amount thereto, or presume a grant, or an acquisition thereof for the public use in some legal and recognized manner. Revisal, sec. 3784.

**6. Statutes, Declaratory—Vested Rights—Constitutional Law—Courts.**

Declaratory laws cannot deprive a citizen of his vested rights in property by changing the rule of construction as to preëxisting laws; and where the legislative construction is erroneous and law unconstitutional, the courts will so declare.

**7. Statutes—Constitutional Law—Criminal Law—Appeal and Error.**

Where a statute unlawfully declares a private cartway over the lands of the owner a public way, and makes an obstruction thereof by the owner punishable under the criminal law, a conviction thereof by the owner in the Superior Court will be set aside on appeal.

APPEAL by defendant from *Cline, J.,* at September Term, 1914, of MADISON.

Indictment for obstructing a way. It requires only a consideration of the following facts, which appear in the record, to understand the questions presented. We give here a statement of them which, we think, presents the case fully and fairly.

This was a criminal action brought by the State at the instance of D. P. Miles, prosecutor, against the defendant R. H. Haynie. The defendant was first tried in the recorder's court of Madison County, upon a warrant issued by that court, for an alleged violation of chapter 40, section 23, of the Public-Local Laws of the 1913 session of the General Assembly of North Carolina, which, as alleged, consisted in the obstruction of a cartway over the lands of the defendant Haynie, and was convicted in that court, and the defendant appealed to the Superior Court, and was there tried upon such warrant before his Honor, E. B. Cline, judge presiding, and a jury, at September Term, 1914, of Madison County Superior Court. The lands owned by the defendant Haynie, as well also as those owned by the prosecutor, D. P. Miles, originally belonged to C. A. Nichols and wife, Bettie J. Nichols. By deed bearing date 1 March, 1894, Nichols and wife conveyed to Miles the land lying back of the Haynie lands, which at that time still remained unsold and belonged to Nichols. This deed granted to Miles a right of way "at such convenient points as they may designate" over the unsold lands of C. A. Nichols and wife, and reserved to Nichols, his heirs and assigns, a similar right of way over the lands conveyed to Miles. This deed was acknowledged before E. F. Vandiver, a justice of the peace for Buncombe County, whose certificate was attached; but the clerk of the court of Madison County, in ordering the registration of said deed, failed to pass upon the certificate of E. F. Vandiver, as aforesaid. On this and the further ground that said deed only purported to convey at most a private and indefinite right of way in which the public generally could acquire no interest, the defendant's counsel objected to said deed being admitted in evidence, but the objection was overruled, the deed admitted, and the defendant excepted.

Subsequent to the execution of the above mentioned deed to the prosecutor, D. P. Miles, towit, on 19 November, 1904, C. A. Nichols and wife, Bettie J. Nichols, conveyed by deed (set out as defendant's Exhibit "B") to the defendant R. H. Haynie the land over which the said defendant is alleged to have obstructed the cartway. This placed the Haynie lands, or the servient tenement, between the main road and Miles' lands, or the dominant tenement.

According to the evidence of Mr. Miles, the State's witness, as set out in the record, when he went into possession of the land conveyed to him by Nichols and wife there was an old road across the land now owned by Haynie, and they sometimes came out over that old road and sometimes zigzagged over Haynie's lands, according to the whim of the teams or the drivers, and when the road was miry they went anywhere over the land of Haynie they wanted to. The witness further testified that the road across the defendant Haynie's land was not a public road, but that it was simply a private road.

The State at no time offered any testimony to attach any public interest to the road, but relied on the statute aforesaid to give to said road a public character, after having shown that said road had been used as a private road or private cartway for ten years or more.

At the conclusion of the State's testimony the defendant moved for judgment as of nonsuit under the statute, on the ground that, taking all the testimony as true, the defendant was not guilty. The motion was overruled, and the defendant excepted.

The defendant then introduced testimony further showing the private nature of the right of way existing over the defendant's lands, and also to the effect that part of said road had been blocked by the defendant and his agents for at least ten years prior to the present indictment; that people who wanted to get back to the Nichols land just went where they pleased indiscriminately over the Haynie lands, and that the road had never been kept up (by) the public. The State put other witnesses on the stand, but never offered any testimony showing that the road in question was ever kept up as a public road or that any petition had ever been filed to establish a cartway over the land of the defendant in the manner prescribed by law; but the State relied on the deed made by Nichols and wife to D. P. Miles, together with the statute, chapter 40, sec. 23, of the Public-Local Laws of 1913 aforesaid, for the conviction of the defendant. In short, the State never went further than to show that the road in question was only a private right of way granted by one individual for the private and exclusive use of another individual, in which the public was not intended to acquire nor did it acquire any interest at all whatsoever.

At the conclusion of all the testimony the defendant renewed his motion to dismiss the action for that according to all the testimony the

road was only a private road and had never been kept up as a public road, and no petition had ever been filed or cartway established in the manner prescribed by law; but the motion was again overruled, and defendant excepted.

The court instructed the jury that if there was a private road, that if it was used as a cartway for as much as ten years prior to the issuance of the warrant in this case, and that if the defendant obstructed it by building a fence across it, without leaving any means of passage through it, that then said defendant would be guilty under the statute aforesaid (Public-Local Laws 1913, ch. 40, sec. 23).

Defendant was convicted, a fine was imposed on him, and the costs adjudged against him, and he was further required to open and keep open the said road, from which judgment he appealed, having reserved his exceptions.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Smathers & Ward for defendant.*

WALKER, J., after stating the case: This statement of the facts shows that what is termed in the case a cartway was only a private way over the lands of C. A. Nichols remaining after he had sold the other tract to D. P. Miles, and its use, or the private easement over it, was restricted to him. Besides, there was no certain or definite description of the way, and Miles, or the persons who lived with him on his land, members of his family or tenants, used to go in almost any direction over the Haynie land. This surely is not sufficient proof of a right of way, and much less of a cartway, and still less of a public way. It is virtually conceded that this is so, if we are to follow *Boyden v. Achenbach,* 79 N. C., 539, and the very numerous decisions which have affirmed it, and to be found at the foot of that case as reported in the annotated edition of 79 N. C., at marg. p. 543, bottom pp. 405, 406, among the most recent of which are *S. v. Lucas,* 124 N. C., 806; *Milliken v. Denny,* 141 N. C., 227; *Tise v. Whitaker,* 146 N. C., 376; *Balliere v. Shingle Co.,* 150 N. C., 633; *Snowden v. Bell,* 159 N. C., 500.

This being the case, it was clearly not within the power of the Legislature to appropriate the land of defendant, or any part thereof, however small, to a public use without just compensation. *R. R. v. Davis,* 19 N. C., 451; *Johnston v. Rankin,* 70 N. C., 550; *Brown v. Power Co.,* 140 N. C., 333. And it cannot, under the guise of calling it a cartway, take away this protection from the owner. Besides, a cartway is, at least, a *quasi*-public road, and to convert an ordinary private way, if properly established, into a cartway is a taking of private property for a public use (*Cook v. Vickers,* 141 N. C., 101) which entitles the owner to com-

pensation. If the public needs it, let it pay a fair price for it, as we have so often said. *S. v. Jones,* 139 N. C., 613. As the *Chief Justice* said, in *R. R. v. Oates,* 164 N. C., at p. 171: "A man's land should stand condemned when, and only when, every step which the law prescribes to that end has been complied with." The State cannot even impose a new or additional burden on the land, or increase an easement in it, without just compensation. *Brown v. Power Co., supra.* This private way is not within the descriptive words of the Public-Local Laws of 1913, ch. 40, sec. 23. It was not a cartway, or used as a cartway, and no particular way which had been marked out and located, by contract or user, had been so used by the public for a period of ten years. It is straining the meaning of the statute and misconstruing the evidence in this case to say that this private way, if it had been delineated, was intended to be affected by the statute. But if we should admit that it does come within its letter or its spirit, another fatal objection arises, namely, that the Legislature has condemned this way to the public use without making any provision for compensation, and, what is worse, without, after the ten years had expired, giving the owner time or opportunity to stop the public user, if there had been any, and save his rights. This is taking private property without due process of law and withdrawing from this landowner the equal protection of the law. He has had no notice, hearing, or judgment. It would be an arbitrary and despotic exercise of power if the Legislature had intended to exercise it, which it manifestly did not, as we have shown.

This statute, while called a public-local law, was evidently promoted to subserve some private end, as acts of the kind usually are, and they deprive people summarily of rights which cannot so easily be taken from them otherwise and by the ordinary course of judicial procedure. This statute shortens the time by ten years for barring such rights, if, under *Boyden v. Achenbach, supra,* they can be divested at all by such a user. It goes further, and declares that private property shall be devoted to a public use, that is, that a private way shall become a public way, after ten years user, when the time has already elapsed, which the highest Federal court has held is a violation of the Federal Constitution, and we have held that it is a violation of our own. The property is taken against the will of the owner, without his having a day in court. *Hart v. Lamphire,* 3 Peters (U. S.), 280 (7 L. Ed., 679); *Sohn v. Waterson,* 17 Wall. (U. S.), 596 (21 L. Ed., 737); *Wheeler v. Jackson,* 137 U. S., 245; *McFarland v. Jackson, ibid.,* 258. In *Sohn v. Waterson, supra,* the Court held that an existing right of action cannot be divested by shortening the period of limitation to a time which has already run. See, also, *State of Tennessee v. Sneed,* 96 U. S., 69; *Terry v. Anderson,* 95 U. S., 633, and *Koshkonong v. Burton,* 104 U. S., 668 (26 L. Ed., 886), where

the Court held that in this country, where the legislative power is limited by written constitutions, declaratory laws, so far as they operate on vested rights, can have no legal effect in depriving an individual of his rights or to change the rule of construction as to the preëxisting law. Courts will treat such laws with all the respect that is due to them as the expression of the opinion of the individual members of the Legislature as to what the rule of law previously was, but beyond that they have no binding effect, and if the judge is satisfied that the legislative construction is wrong, he is obliged to disregard it. The Court then proceeds to declare that such statutes will be construed prospectively rather than retrospectively, as giving the rule for the determination of rights in the future rather than those which are already vested, and, therefore, relate to the past. Any other doctrine would be inconsistent with right and reason. And our law is the same, for our Constitution is as fully adequate to protect the individual against such an encroachment upon his rights as is the Federal Constitution. We have held distinctly that a statute will not be construed as restrospective in its operation unless it was clearly intended so to be, and especially where such a construction would take away rights under a former law, though they may be of a kind which the Legislature could divest by proper action, if so minded. *Elizabeth City v. Comrs.,* 146 N. C., 542. Statutes which restrict private rights or the use of property, and especially those which tend to destroy them, should be strictly construed in favor of the citizen. *Nance v. R. R.,* 149 N. C., 371. It would be contrary to the plainest dictates of justice to hold otherwise. If this statute should be given retrospective operation, so that the ten years already passed would bar the right, it would be the same as appropriating the property directly without any reference to the lapse of time.

There is no evidence of a dedication to the *public* in this case, and we have seen that, under *Boyden v. Achenbach, supra,* there has been no such user as will presume it or give the public any right or easement in the way. That the defendant is not indictable under the facts of this case, where the public has acquired no such right in the way and the public authorities have not assumed the obligation to work the road and keep it in order, is expressly decided in *S. v. Stewart,* 91 N. C., 566; *S. v. Lucas,* 124 N. C., 804; *S. v. Purefoy,* 86 N. C., 682. "A *public highway* is one established by public authority and kept in order by the public, under the direction of the law; or else it is one used generally by the public for twenty years, and over which the public authorities have exerted control, and for the reparation of which they are responsible." *S. v. Purefoy, supra* (by *Ruffin, J.*), citing *S. v. McDaniel,* 53 N. C., 284, and *Boyden v. Achenbach, supra.*

The proof in this case is that the public authorities had never exercised any control over this way and that it was not regarded, in any sense, as

a public way, nor even a cartway, as that term is understood in the law. A right of way was granted to Miles as purchaser from the former owner of the land, C. A. Nichols, but it was confined to him and was strictly a private right to cross Nichols' land between Miles' home and the public road.   This is not a cartway.   The distinction between the two is clearly drawn in *Warlick v. Lowman,* 103 N. C., 122, 124.   There has been neither condemnation, dedication (which must be with the sanction of the public authorities), nor such user by the public as to presume a grant or dedication.   The following cases show conclusively that defendant is not indictable at common law or under any statute of this State: *S. v. McDaniel,* 53 N. C., 284; *Kennedy v. Williams,* 87 N. C., 8; *Stewart v. Frink,* 94 N. C., 489; *Warlick v. Lowman, supra; Burwell v. Sneed,* 104 N. C., 121; *S. v. Summerfield,* 107 N. C., 898; *S. v. Wolf,* 112 N. C., 894; *S. v. Fisher,* 117 N. C., 739.   They were nearly all decided since the statute in regard to the obstruction of roads and cartways was passed. Laws 1872-3, ch. 189, sec. 6; Code, sec. 2065; Revisal, sec. 3784, referred to by the Attorney-General.   Besides, the way subject to this private use or easement is neither a "highway, cartway, mill road, or road leading to a church or other place of worship," and is not within the letter or spirit of that section, as a bare reading of it will disclose, and as this Court has repeatedly decided.   See cases *supra.*   Many others might be cited to the same effect.

The Attorney-General frankly says, in his brief, that the defendant was indicted under the act of 1913, and almost admits that it is not applicable, for the reasons above stated, and falls back upon Revisal, sec. 3784, which, as we have seen, does not apply.

He also concedes that the deed admitted in evidence was defectively probated and registered, after a careful examination of the statute relating to the same.

For these reasons we are unable to agree with the court below, but think the motion to nonsuit should have been sustained.   Judgment will be entered in the Superior Coust dismissing the prosecution, with costs as allowed by law.

Reversed.