### E. S. DRAPER v. CONNER & WALTERS COMPANY.

(Filed 22 January, 1924.)

**1. Evidence—Easements—Questions for Jury.**

Where there is more than a scintilla of evidence tending to show the plaintiff's right of easement in adjoining lands, either by grant, prescription or dedication to and acceptance by a municipality, the question should be submitted to the jury.

**2. Easements—User—Evidence—Prescriptive Right—Lost Grant—Pleadings—Profert.**

An easement may be obtained and secured in the lands of an adjoining owner by use and possession, exercised under a claim of right when open, peaceable and adequately continuous, and after a sufficient lapse of time a presumption is raised that it was acquired under a written and sufficient grant which has since been lost, that avoids the rule of pleading requiring profert.

**3. Same—Presumptions—Lost Grant.**

In an action to establish a prescriptive right of easement in the lands of an adjoining owner, the doctrine of a lost grant is not precluded as a matter of law if the original deed in a long chain of title refers to the easement as one previously existing, and upon the evidence in this case, *held*, that the evidence of the plaintiff's right by immemorial prescription, as well as by dedication and acceptance, was sufficient to take the issue to the jury.

**4. Easements—Permissive User—Dedication—Intent—Acceptance.**

The mere permissive user of an easement by the public the owner has maintained on his own land for his sole convenience, will not amount to a dedication, for it is necessary to show that the owner intended to dedicate the easement either by express language, by reservation, or by his conduct.

Appeal from *Harding, J.,* at September Term, 1923, of Mecklenburg.

On 25 September, 1890, E. K. P. Osborne and wife conveyed to George Messer a lot in the city of Charlotte fronting on West Fourth Street, and on 13 February, 1893, Messer conveyed the same lot to George E. Falls. On 10 January, 1894, Joseph E. Falls and wife conveyed to George M. Messer a portion of this lot, the beginning corner of which was 110 feet from Fourth Street. After the description of the lot conveyed (the rear portion of the lot in the first two deeds) the following provisions are contained in the deed: "Together with the right to the use and benefit of a 12-foot alley now open and extending along the west side of J. E. Falls' lot (in front of this lot) from Fourth Street back to the lot hereby conveyed in common with said J. E. Falls, his heirs and assigns, subject to the right of way and all other rights in, to, and over the alley-way or street (in rear of this property and 6

feet near line of which is on this property), which have been heretofore conveyed by said Messer to E. K. P. Osborne and others; subject also to the right to the use and benefit of a 12-foot alley now open on the west side of this lot which said Jos. E. Falls reserves to himself and his heirs and excepts from the operation of this deed."

On 6 April, 1896, J. E. Falls and wife conveyed to J. M. Goode the remainder (the front part) of the lot described in the first two deeds.

On 19 October, 1899, Geo. M. Messer and wife conveyed to N. B. Wilds, the description being the same as in the deed from Falls to Messer, and on 1 April, 1903, Wilds conveyed the same lot to John R. Pharr. On 25 February, 1920, Pharr conveyed to Charles Arey. The remainder of the lot described in the first two deeds (the front part) was conveyed by H. N. Pharr and E. R. Preston, commissioners of the Goode estate, to Charles Arey on 21 September, 1891.

On 21 September, 1921, Charles Arey and wife conveyed the whole lot to the defendants. In the deed from Falls to Goode, from Messer to Wilds, from Pharr to Arey, from Pharr and Preston to Arey, and from Arey to the defendant there are provisions substantially similar to those in the deed from Joseph E. Falls to Messer.

The plaintiff's lot lies to the west of and adjoins the defendant's lot on which the alley in question was situated, but the plaintiff's deed, so far as the record shows, makes no reference to the alley. This alley and another at the rear of the two lots intersect at right angles.

After the defendant received his deed he closed the alley opening on Fourth Street and the plaintiff brought suit praying that he be adjudged entitled to an easement in the alley and that the defendant be enjoined from obstructing it or permitting it to remain obstructed.

The court instructed the jury to answer the issues "No" if they found the facts to be as testified to by the witnesses.

The verdict was as follows:

"1. Is the alley leading from Fourth Street east of the plaintiff's land described in the complaint as a public alley, as alleged in the complaint? Answer: 'No.'

"2. Is the plaintiff the owner of an easement or right of way over the tract of land covered by the alley lying east of plaintiff's lot and running back over the defendant's lot from Fourth Street, as alleged in the complaint? Answer: 'No.'"

Judgment and appeal by the plaintiff.

*C. H. Gover for plaintiff.*
*H. L. Taylor and Parker, Stewart, McRae & Bobbitt for defendant.*

ADAMS, J. It is familiar learning that an easement may be acquired by grant, prescription, or dedication. *Milliken v. Denny,* 141 N. C.,

224. The plaintiff asserted his acquisition of an easement in the alley both by prescription and by dedication and tendered issues addressed to each of these methods. The judge submitted the issues appearing of record and directed a verdict for the defendant, and the appeal presents the question whether there is any evidence to sustain the plaintiff's contention.

At common law a right to an incorporeal hereditament may be obtained and secured by use and possession when exercised under a claim of right, if open, peaceable, and adequately continuous; and out of this mode of acquisition was developed the doctrine of "lost grant." A sufficient lapse of time raises a presumption that there must originally have been a grant from the owner to the claimant. It is conveniently designated a "lost grant," not because the original is of primary importance, but to avoid the rule of pleading requiring profert. Ordinarily, however, if the origin of the easement is known a lost grant will not be presumed. *Davis v. Ramsey,* 50 N. C., 236; *Claflin v. Albany,* 157 Mass., 489; *Boyce v. Railroad,* 58 L. R. A. (Mo.), 443; 19 C. J., 873, sec. 18.

The first reference to the alley disclosed by the record evidence is found in the deed from Joseph E. Falls to George M. Messer, dated 10 January, 1894. This deed was made subject to the right of way to and over the rear alley described in the agreement between Osborne, Messer, and Berryhill and conferred upon the grantee the right to use the alley in question in common with the grantor, his heirs and assigns. All the provisions in regard to the use of this alley were apparently intended for the parties to the several deeds and those in privity with them. We are not inclined to hold that these deeds *per se* imposed an easement upon the defendant's lot for the benefit of the public, but there is at least more than a scintilla of evidence that the first public use of the alley began before the execution of the deed from Falls to Messer, and thence continuously extended over a period of more than thirty years. If this evidence be accepted there is ground for the plaintiff's contention that the deeds are not the origin of the alleged easement and that the "lost grant" doctrine is not precluded.

In addition the plaintiff contends that there is evidence of dedication. We are not inadvertent to the general principle that where the owner of land constructs a road on it for his own convenience, the mere permissive use thereof by the public will not show a dedication of it to the public use, for as *Judge Pearson* remarked in *Davis v. Ramsey, supra,* every person who chooses to do so takes the liberty of traveling over every private road in the country; but, as we have intimated, the question of dedication is not necessarily to be determined by the provisions in the

deeds. Dedication may be either by express language, by reservation, or by conduct showing an intention to dedicate.

Whatever the nature of the act the general rule is that the intention, actual or constructive, must also exist, but such intention may be manifested by acts as well as declarations. The principle is clearly stated by *Mr. Justice Hoke* in *Tise v. Whitaker,* 146 N. C.; 375: "It is well understood with us that the right to a public way cannot be acquired by adverse user, and by that alone, for any period short of twenty years. It is also established that if there is a dedication by the owner, completed by acceptance on the part of the public, or by persons in a position to act for them, the right at once arises, and the time of user is no longer material. The dedication may be either in express terms or it may be implied from conduct on the part of the owner; and, while an intent to dedicate on the part of the owner is usually required, it is also held that the conduct of the owner may, under certain circumstances, work a dedication of a right of way on his part, though an actual intent to dedicate may not exist. These principles are very generally recognized and have been applied with us in numerous and well considered decisions." *Milliken v. Denny, supra; Kennedy v. Williams,* 87 N. C., 6; *Boyden v. Achenbach,* 79 N. C., 539; *Crump v. Mims,* 64 N. C., 767; *Moore v. Meroney,* 154 N. C., 158; *Supervisors v. Comrs.,* 169 N. C., 548; *Land Co. v. Murphy,* 179 N. C., 133; *Haggard. v. Mitchell,* 180 N. C., 255.

With reference to acceptance of the alley by the public authorities the city engineer said: "The city never worked the alley and exercised no control over it in reference to street work or working in the alley, but did exercise sanitary control over it." To what extent such sanitary control was exercised does not definitely appear. It may or may not have been such control as indicated an acceptance or a recognition by the city of the public use of the alley.

An extended discussion of the evidence is neither necessary nor desirable; but, without concluding as an essential inference of law that the plaintiff is entitled to an easement in the alley as appurtenant to his deed, after a critical examination of the record, we think the circumstances require that the questions of prescription and dedication be referred to the determination of the jury. The cause is therefore remanded for a

New trial.