C. S. HEMPHILL v. THE BOARD OF ALDERMEN OF THE TOWN OF FOREST CITY, R. L. REINHARDT, MAYOR, AND F. T. DAVIS, J. WORTH MORGAN, G. C. McDANIEL, DR. C. H. VERNER, AND W. L. HORN, MEMBERS OF THE BOARD OF ALDERMEN OF THE TOWN OF FOREST CITY, NORTH CAROLINA.

(Filed 13 October, 1937.)

**1. Estoppel § 4—**

A party admitting in his pleadings the existence of a certain public alleyway cannot deny the existence of such alleyway upon the trial or appeal.

**2. Dedication § 2—**

Provision in a deed for an alleyway along the side of the property conveyed does not constitute a dedication of such alleyway across other property of the grantor in the same block which other property does not touch the property conveyed, although the alleyway is later extended to such other property by deed of the owner of the intermediate property.

**3. Easements § 3—**

To establish an easement by prescription, there must be a continuous and uninterrupted use or enjoyment of a defined easement for twenty years adverse to, and not by permission of, the owner of the soil, of which the owner has knowledge and acquiesces in.

**4. Same—**

In order for the public to acquire an easement for a road or alley by prescription, the right of way must be substantially defined, and in addition to adverse user for the required period, the right of way must be worked and kept in order by public authority.

**5. Same—Evidence held insufficient to establish public right to alleyway by prescription.**

The evidence disclosed that there was a public alleyway across the back of plaintiff's land running to a street to the east of the property, and that there was an alleyway running from the side of plaintiff's property to a street to the west, and that the public crossed over the back of plaintiff's property in going from one alley to the other so as to make a through

alley from one street to the other. The evidence did not disclose that the course taken from one alley to the other across the back of plaintiff's land was defined, and the only evidence of control exercised by the town were its acts in working the alleys, constructing water and sewer and power lines, all of which acts were done within fifteen years prior to the institution of the action and without evidence showing that said acts were done on land of plaintiff between the two alleys. *Held:* The evidence is insufficient to show adverse user for the required period, or that said use has been along a defined course across plaintiff's land between the alleys, and a directed verdict for plaintiff on issues dependent upon the acquisition by the town of a prescriptive right across plaintiff's land is without error.

PETITION for writ of *mandamus,* heard before *Clement, J.,* and a jury, at April Term, 1937, of RUTHERFORD. No error.

The plaintiff seeks a writ of *mandamus* to require the governing authorities of Forest City to issue to him a permit for the construction of an annex or additional building at the rear of plaintiff's present building, extending from the rear of said building to the edge of a ten-foot alley.

The plaintiff's property faces on the public square in Forest City and is located near the center of a block bound on the east by Factory Street and on the west by Depot Street. There is a ten-foot alley opening into Factory Street and extending back westwardly to and across the rear of plaintiff's lot and ending at the plaintiff's western boundary line, near the hotel wall. There is also a twelve-foot alley opening into Depot Street and extending back eastwardly to the westerly property line of plaintiff's lot. The northern line of the ten-foot alley is slightly south of the southern line of the twelve-foot alley. These two alleys are reserved in deeds offered in evidence, and as to them there is no dispute.

The plaintiff contends that these alleys are separate and distinct, and that as they do not connect they do not furnish a through passage from Depot Street to Factory Street, and *vice versa.* The defendants contend that the public has acquired by prescription a right of way across the rear of plaintiff's property so as to connect the two alleys, and thus form one continuous passageway.

Defendants admit that they refused to issue a building permit solely for the reason that the proposed building would block the said passageway.

At the close of all of the evidence, the court instructed the jury as to each issue separately, that if they believed the testimony of the witnesses and the record evidence in the case that they would answer the issues submitted to them, as follows:

"1. Is the plaintiff the owner of the land described in the complaint? Answer: 'Yes.'

"2. Is the plaintiff estopped from erection of his proposed building by his deed to George W. Jones, dated 11 June, 1920, as alleged in the answer? Answer: 'No.'

"3. Has plaintiff dedicated an alleyway across his lot, as alleged in the answer? Answer: 'No.'

"4. Has the town of Forest City, by adverse user for twenty years, acquired title to an alleyway across plaintiff's land, as alleged in the answer? Answer: 'No.' "

The jury answered the issues in accord with the instructions of the court, and from judgment entered thereon the defendants appealed.

*Edwards & Edwards and Morgan & Story for plaintiff, appellee.*
*R. R. Blanton and B. T. Jones, Jr., for defendants, appellants.*

BARNHILL, J. Plaintiff became the owner of the lot described in the pleadings 27 January, 1925, under deed which contains the following provision: "It is hereby stipulated and set forth that a 10-foot alley is to be reserved at all times for general purposes across the south end of this lot, which is to be kept open 10 feet wide, S. 74¼ E. until it opens into Factory Street." While there does not seem to be any other record evidence referring to this alley, the existence thereof cannot now be denied by plaintiff. Its existence is admitted in his pleadings.

On 11 July, 1920, the plaintiff conveyed to George W. Jones a tract of land facing on Depot Street, which contains in the description the following: "Being bound on the north by a 12-foot alley (which is to be a permanent alley)." The line described runs along the edge of said alley 63½ feet easterly from Depot Street. As referred to in said deed, said alley does not touch the property presently owned by the plaintiff. The easterly end thereof, as described in said deed, lacked 21 or more feet reaching the westerly line of the lot described in the complaint. Nothing contained in said deed could be construed as a dedication of an alley extending beyond the property line of the property then being conveyed. The grantee did not so understand. The purchaser of the hotel lot thereafter acquired easement rights for an alley from the eastern end of the alley as therein described to the westerly property line of plaintiff's property. Deed from C. M. Biggerstaff *et al.* to George Jones, dated 16 July, 1923. It could not be held that the terms of said deeds constitute a dedication of an alley beyond the limits of the property therein described, and the plaintiff is not estopped by the language used in said instruments to deny the existence of an alleyway over and across his property. There is, therefore, no evidence of a dedication by the plaintiff of an alleyway over and across the property in controversy.

The defendants contend that in any event the public has acquired by prescription a right of way across the rear of plaintiff's property, so as to connect the two alleys and thus form one continuous passageway, and the existence of this connecting link as a passageway is the real subject of controversy.

To establish an easement by prescription there must be (1) continued and uninterrupted use or enjoyment for 20 years; (2) a claim of right adverse to the owner of the soil, known to and acquiesced in by him, and (3) identity of the thing enjoyed. 9 R. C. L., page 772; *Draper v. Conner,* 187 N. C., 18; *Durham v. Wright,* 190 N. C., 568.

A mere permissive user is not sufficient. *S. v. McDaniel,* 53 N. C., 284; *S. v. Gross,* 119 N. C., 868; *Kennedy v. Williams,* 87 N. C., 6; *S. v. Johnson,* 33 N. C., 647.

The use must be adverse. *S. v. Norris,* 174 N. C., 808; *Weaver v. Pitts,* 191 N. C., 747.

Before a highway can be established by prescription it must appear that the general public used the same under a claim of right adverse to the owner and the travel must be confined to a definite and specific line, although slight deviations in the line of travel, leaving the road substantially the same, may not destroy the rights of the public. 18 C. J., page 107; Elliott on Roads and Streets, section 194; *S. v. Haynie,* 169 N. C., 277; *Milliken v. Denny,* 141 N. C., 227; *Bailliere v. Shingle Co.,* 150 N. C., 633; *Snowden v. Bell,* 159 N. C., 500; 9 R. C. L., page 776.

To establish the existence of a road or alley as a public way, in the absence of the laying out by public authority or actual dedication, it is essential not only that there must be twenty years user under claim of right adverse to the owner, but the road must have been worked and kept in order by public authority. *Boyden v. Achenbach,* 79 N. C., 539; *S. v. McDaniel, supra; S. v. Lucas,* 124 N. C., 804; *Stewart v. Frink,* 94 N. C., 487; *Kennedy v. Williams, supra.*

The only testimony in the record tending to show that the town has attempted to exercise control over either of said alleys is the evidence that about eight years ago a town official requested the plaintiff to move some coal from the rear end of his lot; that the town constructed water and sewer lines along the alley about fifteen years ago; that the town has worked the alleys, filling up holes, etc.; and that there has been a power line along the alley since 1922 or 1923. All of these acts took place since 1920, and it is not clear as to what part of the plaintiff's land is used for the water and sewer line, nor does it appear that any work was done on plaintiff's property. All of the evidence tends to show that there was no marked or defined alley on this block until the hotel building was constructed about 1921. Prior to that time the southern end of this block was open and was used by the general public for camp-

ing, hitching horses, trading ground, bone yard, and as an entry to the rear of the stores facing on the public block. Subsequent to the construction of the hotel building, traffic going from one alley to another "spills out" over and across plaintiff's back lot and the adjoining lot.

There is a total absence of evidence in the record tending to show either that there has been an adverse user of plaintiff's property for the required period, or that said use has been along a defined or marked way forming a connecting link between the two alleys. The public has used the rear of plaintiff's lot and the other vacant portion of this block at will by permission of the plaintiff and the other owners thereof. The law should, and does, encourage acts of neighborly courtesy. The plaintiff's acquiescence in the use of his property for the convenience of his neighbors and friends, resulting in no injury to him, should not, and does not, deprive him of the property, or estop him from asserting his rights. The defendants' exceptive assignments of error cannot be sustained.

If the defendants consider it essential that the two alleys should be connected so as to form a through passageway, they have an adequate remedy.

In the trial below, there was

No error.