440

SUMMERVILLE et al. v. DUKE POWER
CO.

No. 4681.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1940.

Thaddeus A. Adams, of Charlotte, N. C. (J. Louis Carter, of Charlotte, N. C., on the brief), for appellants.

W. S. O'B. Robinson, Jr., of Charlotte, N. C., (W. B. McGuire, Jr., of Charlotte, N. C., on the brief), for appellee.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment on a verdict directed for the defendant in an action instituted to recover damages for the closing of a street or alley in the City of Charlotte, N. C. Plaintiffs are the owners of a lot abutting on Graham Street in that city. They allege that a street or alley, known as First Street, adjoins their lot on the south and that this has been closed by defendant to their damage. Defendant owns the lot abutting on Graham Street immediately south of the lot of plaintiffs. It denies that any street or alley has ever existed across its property as alleged by plaintiffs, and pleads, in addition, that plaintiffs are estopped to assert any claim to the existence of same by reason of their conduct in agreeing upon a line with defendant and permitting defendant to erect a building and other structures within the limits of the street or alley as now claimed by them. Defendant also pleads the ten-year statute of limitations in bar of plaintiffs' right of recovery. The trial judge was of opinion that the evidence conclusively showed that the street or alley had never been adopted or maintained as such by the city; that there was no sufficient user by the public to create an easement over it; that plaintiffs were estopped by their conduct to make any such claim; and that their action was barred by the statute of limitations in any event. He accordingly directed verdict in favor of defendant; and from judgment thereon plaintiffs have appealed.

The evidence is clear that no street or alley was ever laid out over the strip of land in controversy. Beers' map of the City of Charlotte shows it in dotted or broken lines, which indicates that it was merely a projected street as distinguished from one which was existent. The evidence shows that the strip, or open space, was left open by defendant's predecessor in title and was used by tenants in a number of small houses which had been built on the lot and facing on this open space, but that it was never accepted or worked by the city or the public authorities as a street or alley. Some use of it was made by tenants on plaintiffs' property until plaintiffs' predecessor in title built a fence along its line in the year 1917, which precluded their further use of it. It is worthy of note that this fence was approximately on the center line of First Street as projected on Beers' map. In 1927 a controversy arose between plaintiffs and defendant as to the dividing line between their lots. The parties met and agreed that the true dividing line was where the fence had been built by plaintiffs; and defendant thereupon erected a wire fence at this location. Since 1927 the disputed strip has been enclosed by this wire fence of defendant, except about 20 feet next to Graham Street, which was left without the enclosure to provide free access to a small building which defendant had erected on the property. This action was not instituted until the year 1939.

It is clear that there was no dedication by the owner of the strip of land in controversy as a public street or alley. The mere fact that it was used by the occupants of the houses on the property as a means of ingress or egress has no tendency to establish such dedication, nor does the fact that its use by the public was permitted. "Where the proprietor of land constructs a road over it for his own convenience, the mere user thereof by the public, by sufferance of the proprietor, no matter how long continued, will not show a dedication of the way to the public use nor vest any right in the public to the way". 18 C.J. 105; 16 Am.Jur. 422; Davis v. Ramsey, 50 N.C. 236; Irwin v. Dixion, 9 How. 10, 13 L.Ed. 25. The intention of the owner to dedicate his property to a public use must clearly appear; and any action or declaration of intention to dedicate must be unmistakable in purpose and decisive in character. Mr. Justice Connor, speaking for the Supreme Court of North Carolina in Milliken v. Denny, 141 N. C. 224, 53 S.E. 867, 869, quotes with approval the rule from Washburn on Easements, 3d Ed. 188, as follows: "The acts and declarations of the landowner indicating the intent to dedicate his land to the public use, must be unmistakable in their purpose and decisive in their character to have that effect." He then goes on to say: "The

intention to dedicate must clearly appear, though such intention may be shown by deed, by words or by acts. If by words, the words must be unequivocal and without ambiguity. If by acts they must be such acts as are inconsistent and irreconcilable with any construction except the assent of the owner of such dedication."

■■ And there was no such evidence of adverse user by the public as would ripen into a prescriptive right on the part of the public. Under the North Carolina law, it is necessary to the acquisition of a public easement that there be a continuous and uninterrupted user by the public for twenty years, and this user must be óne which is adverse and under claim of right. Darr v. Aluminum Co., 215 N.C. 768, 3 S.E. 2d 434; Hemphill v. Board of Aldermen, 212 N.C. 185, 193 S.E. 153; Snowden v. Bell, 159 N.C. 497, 75 S.E. 721. Any use by the public here was permissive and not adverse. The space in front of the houses was left open for the convenience of the tenants, and the mere fact that the public also may have made use of it, without objection from the owner, is insufficient to establish adverse user. 16 Am.Jur. 396; Hemphill v. Board of Aldermen, supra; Draper v. Conner & Walters Co., 187 N.C. 18, 121 S.E. 29; State v. Norris, 174 N.C. 808, 93 S.E. 950; McCorkle v. Charleston, 105 W.Va. 395, 142 S. E. 841, 58 A.L.R. 231.

■■ In addition to this, there was no evidence that the strip of land in controversy was ever kept up, maintained or controlled as a public way or street; and this is fatal to plaintiffs' contention. There can be no dedication without acceptance by the public authorities (16 Am.Jur. 377-379), and there can be no acquisition of easement by the public over a way or street by adverse user, unless the public authorities have exercised authority and control over it. Cohoon v. Roughton, 215 N.C. 116, 1 S.E.2d 362; Hemphill v. Board of Aldermen, supra; State v. Lucas, 124 N.C. 804, 32 S.E. 553; Stewart v. Frink, 94 N.C. 487, 55 Am.Rep. 619; Kennedy v. Williams, 87 N.C. 6; Boyden v. Achenback, 79 N.C. 539. Directly in point is Hemphill v. Board of Aldermen, supra [187 N.C. 18, 193 S.E. 155], which involved a contention that a public easement had been acquired by adverse user of an alleyway. In denying this contention, the court said: "To establish the existence of a road or alley as a public way in the absence of the laying out by public authority or actual dedication, it is essential not only that there must be twenty years' user under claim of right adverse to the owner, but the road must have been worked and kept in order by public authority."

■ The brief of counsel for plaintiffs refers to a number of circumstances upon which he relies to bring his case without the well-settled principles of law above stated. We have carefully considered all of them and do not think they have that effect. The quitclaim deed from plaintiffs' predecessor in title to the City of Charlotte, referring to First Street in the description of the property conveyed is, of course, not binding upon defendant in any way and certainly is not sufficient to show either a dedication of the street or the acceptance of the dedication. The same is true of the letter of the mayor of the city to plaintiffs' predecessor in title and the agreements between the city and the Southern Railway Company. The building of a water main and a sewer line across the property to reach a manufacturing establishment on the other side of the railroad certainly does not tend to establish dedication or acceptance of an alleyway or adverse user of a public way across the property. See Morris & E. R. Co. v. Mayor of Jersey City, 63 N.J.Eq. 456, 51 A. 387. The fact that a street marker was put up at the intersection of the locus in quo with Graham Street shows nothing except the opinion of a minor city official charged with the duty of marking streets. People v. Underhill, 144 N.Y. 316, 39 N.E. 333. Of course, the tax returns did not evidence dedication, acceptance or adverse user. As we are of opinion that verdict should have been directed for defendant notwithstanding the evidence to which we have referred, it is not necessary to decide whether there was error in the exclusion of certain parts of it.

Having reached the conclusion that no public street or alleyway was ever established over the strip of land in question, we need not consider questions relating to estoppel and the statute of limitations. For the reasons stated, the judgment appealed from will be affirmed.

Affirmed.