Pearson, J.
 

 When this case was heard on the circuit, I was so entirely satisfied that the cart-way petitioned for would be a matter of great convenience to the petitioners, and other citizens of Leasburg and its vicinity, by giving them a road to mill not exceeding two miles in distance, instead of a round-about road, over bad' ground, exceeding four miles, that my attention was directed from a particular examination of the Statute, and 1 contented myself with a general impression, that the meaning of the Act was to establish a third sort of road, called a cart-way, intermediate between a public road, which was to be kept up at the public expense and used by all the citizens, and a mere private way, which, when acquired by grant or prescription, was to be used by the •grantee and those having his estate.
 

 After the argument in this Court, and by the assistance
 
 *19
 
 of the great learning and long experience of the Chief-Justice and my brother Nash, I have satisfied myself that I was wrong. “Hard cases are the quick-sands of the lawin other words, a Judge sometimes looks so much at the apparent hardship of the case, as to overlook the law.
 

 However convenient it may be, in many instances, to have a cart-way, when it may not be necessary to establish a public road, we are unable, by the most liberal construction of the Act, to find any authority given to the Courts to have the land of the citizens taken without the consent of the owner for the purpose of a cart-way, except in the instance expressly provided for, “If any person shall be settled upon or cultivating any land, to which there is no public road leading and no way to get to and from the same, other than by crossing other persons’ lands.” In this case, there is a
 
 public road leading to the mill and land
 
 of the petitioners; it, therefore, does not come within the words of the Act, and if we depart from the words, there is no stopping short of an unlimited discretion by which the land of one man may be taken for the use of another. To authorise this, there should be a plain expression of the Legislative will. In the absence of such provision, individuals must be left to depend upon the courtesy of good neighborship or the acqusition, by grant, of the right of private ways.
 

 Let the decision of the Court below be reversed and the petition be dismissed with cost.
 

 Per Curiam. Decreed accordingly.