Coggins v. Fox

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.

IVA COGGINS (WIDOW), J. J. SAUER AND WIFE, E. HAMPTON SAUER; LEE G. LEWIS AND WIFE, PANSY LEWIS, CLIFTON S. LAMBERT AND WIFE, EVELYN LAMBERT; JOHN C. ADAMS (DIVORCED); AND SUE ADAMS (DIVORCED) v. JAMES HOWARD FOX AND WIFE, CAROL ANN FOX

No. 7630SC980

(Filed 21 September 1977)

Easements § 6.1— easement by prescription— adverse, hostile use— insufficient evidence

> Plaintiffs' evidence was insufficient to establish a road easement by prescription across the lands of defendants where it tended to show that the road was built by the predecessor in title of one plaintiff with the permission of defendants' predecessor in title and that one plaintiff had asked defendants' predecessor for permission to widen the road, since the evidence was insufficient to show that use of the road by plaintiffs was adverse, hostile and under a claim of right.

APPEAL by plaintiffs from *Snepp, Judge*. Judgment entered 29 June 1976 in Superior Court, JACKSON County. Heard in the Court of Appeals 25 August 1977.

The plaintiffs seek to establish by prescription a road easement across the lands of the defendants. The plaintiffs are the owners of several contiguous tracts or lots, none of which front on a public road. Defendants own a tract of land, fronting on Mill Creek Road, and the claimed roadway runs from Mill Creek Road across the defendants' tract, across or adjoining lands of plaintiffs, and terminating at the top of a mountain on the tract of plaintiff Coggins.

At the close of plaintiffs' evidence, defendants moved for and the trial court granted a directed verdict.

*Holt, Haire & Bridgers, P.A. by W. Paul Holt, Jr. and Ben Oshell Bridgers for plaintiff apppellants.*

*James U. Downs for defendant appellees.*

CLARK, Judge.

The sole question raised by this appeal is whether the trial court erred in granting a directed verdict for defendants on the

ground that the evidence was not sufficient to go to the jury. G.S. 1A-1, Rule 50(a). This Court is confronted with determining the sufficiency of the evidence based upon the same standards as those to be applied by the trial judge. *Huff v. Thornton*, 23 N.C. App. 388, 209 S.E. 2d 401 (1974).

In *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974), Huskins, J., with his usual accuracy and perception, traced the development in this State of the law with respect to the acquisition of prescriptive easements, concluding that North Carolina has gradually moved away from the majority view of a presumption of adverse user and has begun to emphasize the necessity of showing adverseness without mention of such presumption. The decision listed the following legal principles applicable to prescriptive easements:

1. The burden of proving the elements essential to the acquisition of a prescriptive easement is on the party claiming the easement.

2. The law presumes that the use of a way over another's land is permissive or with the owner's consent unless the contrary appears.

3. The use must be adverse, hostile, or under a claim of right.

4. The use must be open and notorious.

5. The adverse use must be continuous and uninterrupted for a period of twenty years.

6. There must be substantial identity of the easement claimed.

The plaintiffs' evidence, consisting of the testimony of three witnesses, considered in the light most favorable to plaintiffs, tends to show in substance the following:

Aubrey Henderson, son-in-law of plaintiff Coggins, has been familiar with the lands for 30 to 40 years. He began using the roadway in 1953 and has since used it for hunting two or three times a year. The road was also used by Mrs. Coggins' children and others. There are no buildings on the Coggins tract. He logged the Coggins land one time. He never asked permission of defendant Fox to use the road. There are two or three trailers on the lands of some of the plaintiffs. The road was never blocked until Fox blocked it three years ago (1973). Henderson improved the road by opening drains and getting rocks out with his tractor. There was a logging road there years ago, but it hasn't been used for 25 years. The road in question was built on a better grade.

Fred Franks was employed by plaintiff Sauer to work on the road in question in 1964 or 1965, ditched it with a tractor and put tile in. No one tried to stop him. He did not use the road before working on it.

Bascom Bryson, brother of plaintiff Coggins, has been familiar with the lands for 40 years. The present road was built in 1952. He used it off and on for hunting and picking berries. He never asked permission to use the road. Mr. Stiwinter (predecessor in title to plaintiffs Sauer) "asked Mr. Holland [predecessor in title to defendants Fox] to build this road. . . . I knowed what he said; I never heard him. . . . That's what he [Stiwinter] said." (After the witness testified as quoted, plaintiffs objected, but the trial judge ruled that the objection came too late.) Mr. Stiwinter used the road regularly, going back and forth to a field on his land. After Mrs. Sauer got the land from Stiwinter he heard talk that she asked Mr. Holland if she could widen the road.

If we assume that the evidence, considered in the light most favorable to plaintiffs, tended to show that the Coggins family continuously and uninterruptedly used the roadway substantially as now located for more than 20 years, we do not find the evidence sufficient to show (go to the jury) that the use of the roadway was adverse, hostile and under claim of right. The plaintiff, Mrs. Sauer, asked Hunter (defendants' predecessor in title) if she could widen the road, and when the road was originally built in 1952 or 1953 Mr. Stiwinter (predecessor in title of plaintiffs Sauer) asked Hunter for permission to do so. This evidence negates adverse and hostile use of the roadway. Permissive use cannot ripen into an easement by prescription. *Nicholas v. Furniture Co.*, 248 N.C. 462, 103 S.E. 2d 837 (1958). Even if we disregard this hearsay evidence of permissive use, we do not find the other evidence sufficient to overcome the presumption that the use of the roadway was permissive or with the owner's consent since it failed to show adverse and hostile use.

The case before us is distinguishable from *Dickinson v. Pake, supra,* where the plaintiffs, who sought the prescriptive right, and their predecessors in title lived on the land in a house located at the terminus of the road and daily used it, as did their friends, relatives and neighbors, in going to and from the house.

The judgment directing verdict for defendants is

Affirmed.

Judges VAUGHN and HEDRICK concur.