SAMUEL H. WATKINS AND WIFE, RUTH H. WATKINS; WILLIE PERRY WILSON AND WIFE, THELMA P. WILSON; GRADY CLINTON MILLS AND WIFE, PEARL MAE MILLS; WAYNE MILLS AND WIFE, LESSIE MILLS, AND OTHERS SIMILARLY SITUATED v. WILLIE E. SMITH AND LOIS E. RUSSELL

No. 7821SC556

(Filed 3 April 1979)

1. Highways and Cartways § 11.1— neighborhood public road—insufficiency of evidence

      Plaintiffs did not establish a right to use of defendants' land as a neighborhood public road where plaintiffs introduced no evidence that the

roadway in question was a portion of the public road system which had not been taken over and placed under maintenance or which had been abandoned by the Department of Transportation and no evidence that the road had been constructed with unemployment relief funds, but plaintiffs' evidence did show that the road served essentially a "private use" and therefore was not embraced in the definition of neighborhood public road. G.S. 136-67.

**2. Easements § 6.1— prescription—failure to show possession adverse**

Plaintiff's evidence was insufficient to establish an easement by prescription over the land of defendants where such evidence disclosed that plaintiffs and their predecessors did not request permission to use the land of defendants and that defendants and their predecessors did not voice objection to such use, and these facts did not show that the use of the land by plaintiff was accompanied by circumstances giving it an adverse character so as to rebut the presumption that the use was permissive.

APPEAL by plaintiffs from *Rousseau, Judge*. Judgment entered 20 March 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 March 1979.

Plaintiffs filed a complaint alleging: that they are owners of lots fronting on Jones Avenue in Salem Chapel Township, Forsyth County; that in order to get to their lots it is necessary to cross a "30 foot dirt road . . . [which] has been used as a neighborhood public road for more than 100 years"; that defendants own a portion of the dirt road and it is the only suitable means of ingress and egress to plaintiffs' lots; that the road has been used by plaintiffs and their predecessors in title for more than 20 years and that such use has been hostile, adverse and "of right so recognized by the defendants and their predecessors in title"; that defendants (who have owned a portion of the road since 1954) have obstructed the road by erecting gates, blocking the plaintiffs from traveling the road, and by plowing up the road to make it impassable; that defendants have threatened plaintiffs if they use the road. Plaintiffs prayed that defendants be enjoined from obstructing the road or interfering with plaintiffs' right to travel on and across the road.

Defendants answered and alleged that "there is no right of way easement of any kind or description of record across their land." Additionally, defendants alleged: that ingress and egress to plaintiffs' lots is not limited to this road; that plaintiffs have been traveling over defendants' land under protest from defendants; that defendants have plowed up a portion of their land and

erected "no trespass" signs; that defendants have not threatened plaintiffs but have told them in open court that they were not wanted on defendants' property. Defendants prayed that the action be dismissed and that plaintiffs be enjoined from traveling across defendants' land.

A preliminary injunction was issued allowing plaintiffs to use the roadway, referred to as "Jones Avenue Extension," pending the suit.

Evidence for the plaintiffs tended to show the following: that a gravel-covered roadway about 20 feet wide and 1,000 feet long connects Jones Avenue and Pine Hall Road; that the roadway has existed since before plaintiffs were born and that plaintiffs and others have continually used the roadway; and, that the roadway is the only passable access to their property. One plaintiff was 90 years old and testified that she had used the roadway all her life.

Evidence for the defendants tended to show the following: that defendants' property was formerly used as a school; that defendants purchased the property in 1954; that there was no right of way over the property in 1954; that defendants started a club on the property and cut a roadway to Pine Hall Road; that defendants maintained the roadway and plaintiffs began using it for access to and from their property; that defendants did not object "because we wanted the people to come to the club and we wanted community good will"; that defendants began using the property differently in 1973; that defendants started telling plaintiffs not to use the roadway; and, that plaintiffs' access out the other end of Jones Avenue was passable.

The matter was tried without a jury and the trial court found facts, *inter alia*, as follows: that the roadway in question had been used by plaintiffs for ingress and egress throughout the period of time the defendants' property was used as a public school and until 1973 when the defendants tried to stop persons from using the roadway; that defendants had permitted plaintiffs to use the roadway while operating a club on their land from 1954 until 1973; and that plaintiffs have other legal access to Pine Hall Road. The court concluded that plaintiffs had failed to show the following: that the disputed roadway was part of a public road system or built or maintained with public relief funds; that the roadway had ever been used for anything other than private use; that the road-

way was a necessary means of ingress and egress; or that the roadway had been used hostilely or adversely to the school board. The court further concluded that use of the roadway "was with the permissive use of the defendants."

Plaintiffs' claim for relief was denied in that they had not shown that the roadway "has ever been a neighborhood public road nor have they shown adverse possession of said roadway." The court, however, continued the injunction prohibiting defendants from blocking the use of the roadway pending final determination of the issue.

Plaintiffs appealed.

*Robert M. Bryant and J. F. Motsinger, for plaintiff appellants.*

*Willie E. Smith and Lois E. Russell, pro se.*

CARLTON, Judge.

It is difficult, from the record before us, to determine under which principle of law plaintiffs claim right of ingress and egress over the property of defendants. In their complaint, plaintiffs allege that the roadway in question is a "neighborhood public road" and that it has been used by plaintiffs and their predecessors in title for more than 20 years "and the said use of the road has been hostile, adverse and of right so recognized by the defendants and their predecessors in title." In their brief, plaintiffs argue that they are entitled to use defendants' land because they have established an easement by prescription *and* by virtue of adverse possession.

In the various pleadings filed by them, defendants alleged that plaintiffs have no right to use of their land under any of the principles of prescription, adverse possession, public highway, private cartway, easement or neighborhood road.

The trial court, in its final order, found that the plaintiffs had failed to establish the roadway as "a neighborhood public road nor have they shown adverse possession of said roadway." However, a review of the court's findings of fact and conclusions of law, and the evidence introduced at the hearing, compels us to conclude that the trial court treated plaintiffs' attempt to

establish their claim of right over defendants' land as an action for the establishment of either an easement by prescription or a neighborhood public road. The trial court properly determined that plaintiffs failed to establish their claim under either of these principles. We therefore treat all findings and conclusions with respect to other doctrines of real property possession and ownership in the trial court's order as mere surplusage and give effect to the obvious intent of the judgment, *i.e.*, that plaintiffs failed to establish an easement by prescription or a neighborhood public road.

A judgment should be interpreted with reference to, and in light of, the findings of fact and conclusions of law of the court and, if possible, should be interpreted so as to harmonize them. If the judgment fails to clearly express the final determination of the court, reference may be had to the pleadings and findings for the purpose of ascertaining what was determined. A judgment must be construed in light of the situation of the court, what was before it, and the accompanying circumstances. Judgments should be liberally construed so as to make them serviceable instead of useless. Necessary legal implications should be included although not expressed in precise terms. *See* 49 C.J.S., Judgments, §§ 436, 438, 439, pp. 864, 867, 870, 871.

While the trial court's order referred to adverse possession, we believe it did so simply because both that doctrine and the principle of easement by prescription require that the use be adverse and hostile. This action was clearly not one bottomed on adverse possession as plaintiffs conceded on oral argument. Under the doctrine of adverse possession, "the possession must be . . . in the character of owner, denoted by the exercise of exclusive dominion over the land in making such use of the land . . . ." 1 Strong, N.C. Index, Adverse Possession, § 1, p. 97.

Here, plaintiffs have never asserted the character of ownership or exclusive dominion over the property. They merely assert the right of ingress and egress across the property which they acknowledge to be owned by defendants.

Moreover, while a person may acquire an easement by prescription at the same time he is acquiring title to the dominant tenement by adverse possession, generally, he cannot simultaneously acquire title to the servient estate by adverse

possession and acquire an easement by prescription. 28 C.J.S., Easements, § 21, p. 675.

[1] We first turn to the question of whether plaintiffs established a right to use of defendants' land as a neighborhood public road. G.S. 136-67 establishes a procedure for having a road declared a "neighborhood public road." The statute declares three distinct types of roads to be neighborhood public roads: (1) Those portions of the public road system which have not been taken over and placed under maintenance or which have been abandoned by the Department of Transportation, but which remain open and in general use as a necessary means of ingress and egress from the dwelling house of one or more families; (2) Those roads laid out, constructed, or reconstructed with unemployment relief funds under the supervision of the Department of Human Resources; (3) Those roads outside the boundaries of municipal corporations which serve both a public use and as a means of ingress and egress for one or more families.

The statute contains the following *proviso*: "Provided, that this definition of neighborhood public roads shall not be construed to embrace any street, road or driveway that serves an essentially *private use* . . . ." (Emphasis added.)

Plaintiffs clearly did not introduce evidence which would indicate that the roadway in question would fall within either of the first two categories referred to above. There was no evidence that the roadway was ever a part of the "public road system" or that it had been constructed with unemployment relief funds.

Moreover, the roadway in question is not one contemplated by the third category. The *proviso* makes clear the legislative intent that no road serving an essentially "private use" is embraced in the definition of neighborhood public road. *Walton v. Meir*, 14 N.C. App. 183, 188 S.E. 2d 56 (1972), *cert. denied*, 281 N.C. 515, 189 S.E. 2d 35 (1972). The roadway was used by defendants and their guests and invitees and by plaintiffs and their guests and invitees. Such a road or driveway is not a neighborhood public road within the meaning of G.S. 136-67. *Walton v. Meir, supra.*

In *Speight v. Anderson*, 226 N.C. 492, 496, 39 S.E. 2d 371, 373 (1946) the Supreme Court stated:

The General Assembly is without authority to create a public or private way over the lands of any citizen by legislative fiat, for, to do so, would be taking private property without just compensation. *Lea v. Johnson,* 31 N.C. 15. In construing the amendment, [G.S. 136-67 had been amended in 1941 to add the *proviso*] therefore, we may not assume that such was its intent. It follows that the 1941 Act, ch. 183, Public Laws 1941, necessarily refers to traveled ways *which were at the time established easements or roads or streets in a legal sense. It cannot be construed to include ways of ingress and egress existing by consent of the landowner as a courtesy to a neighbor, nor to those adversely used for a time insufficient to create an easement.* (Emphasis added.)

. . . .

Furthermore the *proviso* expressly excludes streets and roads which serve an essentially private use. While there is evidence that the mail carrier used the old road during 1906 and 1907 and that members of the public traveled both the old and new road, *all the evidence tends to show that the road was laid out and maintained primarily as a convenience for those who resided on the Speight and Anderson tracts, an essentially private purpose. No continuous use for a public purpose is disclosed.* (Emphasis added.)

[2] We now turn to the question of whether plaintiffs' evidence was sufficient to establish an easement by prescription over the land of defendants. We agree with the trial court that the evidence was insufficient for this purpose.

Several legal principles relating to easements by prescription have been firmly established by our appellate decisions:

1. The burden of proving the elements essential to the acquisition of a prescriptive easement is on the party claiming the easement. *Williams v. Foreman,* 238 N.C. 301, 77 S.E. 2d 499 (1953).

2. The law presumes that the use of a way over another's land is *permissive* or with the owner's consent unless the contrary appears. *Henry v. Farlow,* 238 N.C. 542, 78 S.E. 2d 244 (1954).

3. The use must be adverse, hostile, and under a claim or right. *Dulin v. Faires*, 266 N.C. 257, 145 S.E. 2d 873 (1966).

4. The use must be open and notorious. *Snowden v. Bell*, 159 N.C. 497, 75 S.E. 721 (1912).

5. The adverse use must be continuous and uninterrupted for a period of twenty years. *Speight v. Anderson, supra*.

6. There must be substantial identity of the easement claimed. *Hemphill v. Bd. of Aldermen*, 212 N.C. 185, 193 S.E. 153 (1937).

*See also, Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974); *Coggins v. Fox*, 34 N.C. App. 138, 237 S.E. 2d 332 (1977).

It is unnecessary for us to discuss all the principles enumerated above. Plaintiffs have failed to establish that their use of defendants' property was adverse or hostile as required by the third principle, especially in light of the permissive presumption enunciated in the second principle. The evidence discloses that plaintiffs and their predecessors did not request permission to use the land of defendants and that defendants and their predecessors did not voice objection to such use, at least until 1973. Our Supreme Court has held that such facts did not show that the use of the land by plaintiff was accompanied by circumstances giving it an adverse character so as to rebut the presumption that the use was permissive. *Henry v. Farlow, supra*, 238 N.C. at 544, 78 S.E. 2d at 245.

As stated by Justice Ervin in *Henry*:

The circumstance that the owners of the soil did not object to the use of the way harmonizes with the theory that they permitted the use of the way. There is, moreover, no inconsistency between the circumstance that the plaintiff and her tenants used the way without asking the owners of the soil for permission to do so, and the conclusion that the plaintiff and her tenants used the way with the implied consent of the owners of the soil. When all is said, the assertion that the plaintiff and her tenants used the way without asking the permission of the owners of the soil is tantamount to the assertion that the plaintiff and her tenants used the way in silence. Neither law nor logic can confer upon a silent use a greater probative value than that inherent in a mere use.

Plaintiffs rely on the decision of our Supreme Court in *Hemphill v. Bd. of Aldermen, supra.* That case, however, is clearly distinguishable from the case at bar. In *Hemphill*, the defendants contended that the *public* had acquired by prescription a right of way over plaintiff's alley *within corporate limits.* The Supreme Court stated:

> To establish the existence of a road or alley as a public way in the absence of laying out by public authority or actual dedication, it is essential not only that there must be twenty years' user under claim of right adverse to the owner, but the road must have been worked and kept in order by public authority. *Hemphill, supra,* 212 N.C. at 188, 193 S.E. at 155.

There is no evidence in the record before us of any activity on the part of any public authority.

While we agree with plaintiffs that some of the trial court's findings were irrelevant to the principles of law on which the judgment was based, we treat them as surplusage and further hold that the findings of fact were adequate to support the conclusions of law. Moreover, the evidence was sufficient to support the trial court's findings and conclusions.

The decision of the lower court is

Affirmed.

Judges VAUGHN and HEDRICK concur.