WADE H. POTTS; DON WAYNE POTTS, ARTHUR B. POTTS AND MAVIS L. POTTS, TRUSTEES OF JOHN H. POTTS MEMORIAL CEMETERY; BOBBY E. McDANIEL AND WIFE, BARBARA R. McDANIEL; DONALD R. McDANIEL AND WIFE, NANCY M. McDANIEL; AND FRED B. McDANIEL AND WIFE, JOANN S. McDANIEL v. J. W. BURNETTE AND WIFE, ESTELLE BURNETTE; JUDY LEE BURNETTE ROGERS AND HUSBAND, ALEXANDER ROGERS; JAMES HENRY BURNETTE AND WIFE, LORETTA BURNETTE; C. T. BURNETTE AND WIFE, JUANITA BURNETTE; AND DENNIS HALL BURNETTE

No. 7930DC737

(Filed 6 May 1980)

Adverse Possession § 25.2— road across defendant's land—insufficient evidence of hostile use

Plaintiffs' evidence was insufficient to show that their use of a road across defendants' land was hostile to defendants' interest or under a claim of right where such evidence tended to show that plaintiffs had used the road in question for many years; plaintiffs never asked permission to use the road; but plaintiffs never presented any evidence that their use of the road had been other than with defendants' permission.

APPEAL by defendants from *Leatherwood, Judge.* Judgment entered 16 April 1979 in District Court, JACKSON County. Heard in the Court of Appeals 27 February 1980.

Plaintiffs allege that for more than 50 years they and their predecessors in title had made open, notorious, hostile, adverse and continuous use of a road which leads from State Road 1149 across defendant's land to plaintiff's property. They seek to have defendants enjoined from denying them the use of the road, and to have a permanent easement declared in their favor.

At trial plaintiffs presented evidence, after which defendants moved for a directed verdict, which was denied. Defendants offered no evidence. The jury found for plaintiffs, and defendants' motions for judgment notwithstanding the verdict and new trial were denied. Defendants appeal.

*Rogers, Cabler and Henson, by J. Edwin Henson, for plaintiff appellees.*

*Orr & Payne, by Robert F. Orr, for defendant appellants.*

ARNOLD, Judge.

The development of the law of prescriptive easements in North Carolina is set out in *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). In North Carolina, unlike the majority of other jurisdictions, we presume that the use of a way over another's land is permissive unless evidence appears to the contrary. *Id.* In the present controversy the sole issue is whether plaintiffs presented evidence sufficient to go to the jury that their use of the road over defendants' land was "adverse, hostile, or under a claim of right." See *id.* at 580, 201 S.E. 2d 900.

Plaintiffs presented substantial evidence that they have used the road in question for many years. However, "[t]he mere use of a way over another's land cannot ripen into an easement by prescription, no matter how long it may be continued." *Henry v. Farlow*, 238 N.C. 542, 543, 78 S.E. 2d 244, 245 (1953), citing numerous cases. Plaintiffs presented much evidence that they have never asked permission to use the road, but neither in their brief nor on oral argument were plaintiffs able to point to any evidence that their use of the road has been other than with defendants' permission. When plaintiffs were widening the portion of the road that lies on their property, they asked defendants for permission to come onto defendants' land and widen the road. "Mr. Leonard Potts spoke to Mr. Wade Burnette and cleared it with him to bring the bulldozer in and widen the road . . . ." Earlier, when the road was scraped, "they had to skip a certain space . . . because the Burnettes would not let them scrape that portion of the land." As for asking permission simply to travel the road, William Potts testified, "The reason I did not ask permission was that we thought it was a free country, not a bunch of hogs in there, and everybody was welcome to go where they wanted to." Leonard Potts testified, "As far back as I can remember . . . I never asked him for permission to use the road. It's a free country up there. We don't ask people. We just, they come over me and I go over them. . . . [W]e all go over one another's land and never think nothing about it." As the court said in *Henry v. Farlow, id.* at 544, 78 S.E. 2d 245-46, "[t]he circumstance that the owners of the soil did not object to the use of the way harmonizes with the theory that they permitted the use of the way. There is, moreover, no inconsistency between the circumstance that the plaintiff . . . used the way without asking the

owners of the soil for permission to do so, and the conclusion that the plaintiff . . . used the way with the implied consent of the owners of the soil." Furthermore, "[t]he law should, and does encourage acts of neighborly courtesy; a landowner who quietly acquiesces in the use of a path, or road, across his uncultivated land, resulting in no injury to him, but in great convenience to his neighbor, ought not to be held to have thereby lost his rights. It is only when the use of the path or road is clearly adverse to the owner of the land, and not an enjoyment of neighborly courtesy, that the land owner is called upon 'to go to law' to protect his rights." *Weaver v. Pitts*, 191 N.C. 747, 749, 133 S.E. 2, 3 (1926).

The court in *Dickinson v. Pake, supra,* pointed out that in order to establish that a use is hostile, it is not necessary to show a heated controversy, but it is necessary to show that the use was of a nature that would give the owner of the land notice that the use was being made under a claim of right. We do not find that the use here is of such a nature as to give notice to defendants that is under a claim of right. Furthermore, the idea that plaintiffs used the road under a claim of right adverse to defendants' rights is negated by the testimony of Wade Potts: "My claim for the use of this . . . road at least prior to this action has been based on both my assumption that the State was maintaining it and that it was a State road and it was based on the fact that I have used the road so long that I think I should have the privilege to get to my property."

We find that plaintiffs' evidence was insufficient to show that their use of the road was hostile to defendants' interest or under a claim of right, and accordingly that the evidence was insufficient to go to the jury. *Cf. Watkins v. Smith*, 40 N.C. App. 506, 253 S.E. 2d 354 (1979); *Coggins v. Fox*, 34 N.C. App. 138, 237 S.E. 2d 332 (1977). Defendants were entitled to a directed verdict or a judgment notwithstanding the verdict. The judgment of the trial court is

Reversed.

Chief Judge MORRIS and Judge VAUGHN concur.