PAUL CLIFTON AND WIFE, RACHEL CLIFTON v. BILL C. FESPERMAN AND WIFE, NAN P. FESPERMAN

No. 804SC428

(Filed 16 December 1980)

Easements § 6.1— prescriptive easement claimed — failure to show use other than by permission

> The trial court properly entered summary judgment for defendants on plaintiffs' claim of a prescriptive easement where plaintiffs rested on stipulations and offered no evidence that their use of the way across defendants' property was other than by permission, and plaintiffs therefore failed to demonstrate that their use was adverse to defendants' interests, an essential element of a prescriptive easement.

APPEAL by plaintiffs from *Britt (Samuel E.), Judge.* Judgment entered 26 November 1979 in Superior Court, DUPLIN County. Heard in the Court of Appeals 17 October 1980.

This is a civil action in which plaintiffs seek a declaration of easement across lands of defendants and "[t]hat the cloud of said quitclaim deed [to defendants from a third party] be removed from the easement of the plaintiffs . . . ."

The action arose as a result of defendant's refusal to allow access to plaintiffs' property across property owned by defendants. Plaintiffs allege they acquired a prescriptive easement in the right-of-way through continuous use dating back to 1944. Defendants denied that plaintiffs had acquired an easement over defendants' property.

The parties stipulated to the following for purposes of the hearing on defendants' motion for summary judgment:

> 3. That Paul Clifton and wife, Rachel Clifton, the plaintiffs are the record title owners of the tract of land described in Paragraph Three of Plaintiffs' Complaint, and that said

property was deeded to the plaintiffs by Commissioners Deed on December 20, 1962, said deed conveying the interest of the heirs of the deceased Cora K. Clifton, to the plaintiffs, and that these lands are the same lands conveyed by A. L. Mansfield and wife, Ada C. Mansfield to Mrs. Cora K. Clifton and Jewel Clifton by deed dated February 12, 1944, and duly recorded in Book 425, page 465 of the Duplin County Public Registry.

4. That Cora K. Clifton died intestate on May 8, 1962.

5. That the tract of land described in Paragraph Five of Plaintiffs' Complaint is not included in the description of the land owned by the Plaintiffs in fee simple as described in Paragraph Three of said Complaint, and that the plaintiffs in their complaint claimed that they have used as means of ingress, egress and regress this certain strip of land lying on the eastern side of plaintiffs' property, and that said use has been open, notorious and continuous since February 12, 1944, and has been under known and visible boundaries, and has prayed the Court that plaintiffs be declared the owners in an easement to said strip of land described in Paragraph Five of the Complaint.

6. That said ten (10) foot strip of land described in Paragraph Five of Plaintiffs' Complaint is land that has not been described, within the description of the tract of land which plaintiffs claim they own in fee simple and that said ten (10) foot strip is beyond the proper boundaries of the description set forth in Paragraph Three of Plaintiffs' Complaint.

7. That on March 15, 1977, Ada C. Mansfield, the surviving spouse of A. L. Mansfield, by Quitclaim Deed recorded in Book 820, page 811 of the Duplin County Public Registry, conveyed to the defendants the strip of land described in Paragraph Five of the Plaintiffs' Complaint, and that Ada C. Mansfield was the owner of the record title of said strip of land.

8. That plaintiffs caused the above action to be filed on the 30th day of June, 1977, and that at the time this action was filed, the heirs of Cora K. Clifton, had not by deed or

otherwise conveyed any interest they may have had in said ten (10) foot strip of land to the plaintiffs, and that pursuant to Motion by the plaintiffs' attorney, Miles B. Fowler, before the Honorable James D. Llewellyn on the 24th day of September, 1979, leave was given to the plaintiffs to file an Amended or Supplemental pleading within ten (10) days and that the heirs of Cora K. Clifton have now since the institution of this action, conveyed any interest they may have had in said strip of land to the plaintiffs.

9. That one of the plaintiffs, Paul Clifton, is an heir of the deceased, Cora K. Clifton, being a surviving son, and that he would have owned an undivided interest in the afore-mentioned described tract of land described in Paragraph Three of Plaintiffs' Complaint, upon her death on May 8, 1962.

10. That the defendants are the owners in fee simple of that certain tract of land lying to the South and being contiguous to the aforementioned ten (10) foot strip des-cribed in Paragraph Five of Plaintiffs' Complaint, and that the defendants are claiming title to said strip of land by virtue of a deed dated March 15, 1977, received from Ada C. Mansfield, and then recorded in Book 820, page 811 of the Duplin County Public Registry.

Plaintiffs appeal from the grant of summary judgment for defendants.

*Warren & Fowler, by Miles B. Fowler, for plaintiff appellants.*

*No brief filed by defendants.*

ARNOLD, Judge.

Plaintiffs contend that the trial judge misinterpreted the law in granting defendants' motion for summary judgment. While the trial judge inadvisedly made extensive findings of fact and conclusions of law in ruling on defendants' motion, they are disregarded on appeal. W. Shuford, N.C. Civil Practice and Prodedure § 56.6 (1980 Supp.); *see, Lee v. King,* 23 N.C. App. 640, 209 S.E.2d 831, *cert. denied,* 286 N.C. 336, 211 S.E. 2d 213 (1974).

We find that the trial judge properly granted summary judgment for defendants. In North Carolina, use of a way over another's land is

presumed permissive or with the owner's consent unless the contrary is shown by competent evidence. *Watkins v. Smith,* 40 N.C. App. 506, 253 S.E. 2d 354 (1979). Plaintiffs chose to rest on the stipulations, offering no evidence, through affidavits or otherwise, that their use of the way across defendants' property was other than by permission. Therefore, plaintiffs have failed to demonstrate that their use was adverse to defendants' interests, an essential element of a prescriptive easement, especially in light of the presumption that their use was permissive. *Id.*

Where a defendant seeking summary judgment carries his burden of proving a lack of genuine issue of fact for trial by evidentiary presumption or otherwise, the plaintiff may not rely on his bare allegations to the contrary but must, by affidavits or otherwise, set forth specific facts showing a genuine issue of fact for trial to defeat defendants' motion. *Doggett v. Welborn,* 18 N.C. App. 105, 196 S.E. 2d 36, *cert. denied,* 283 N.C. 665, 197 S.E. 2d 873 (1973). Plaintiffs failed to offer evidence to rebut the presumption of permissive use and therefore are subject to defendants' motion for summary judgment.

The ruling of the trial judge allowing defendants' motion for summary judgment is

Affirmed.

Chief Judge MORRIS and Judge HILL concur.