PHIL MOORE AND WIFE, LINDA MOORE, AND W. R. MOORE AND WIFE, ELAINE MOORE, PLAINTIFFS v. HARRY R. LEVERIS AND WIFE, BETTY W. LEVERIS, DEFENDANTS

No. COA97-534

(Filed 6 January 1998)

1. **Highways, Streets, and Roads § 15 (NCI4th)— neighborhood public road—no easement for sewer line**

Even if a roadway on plaintiffs' land formerly used by the public for ingress and egress constituted a neighborhood public

MOORE v. LEVERIS

[128 N.C. App. 276 (1998)]

road, defendants had no right to place a sewer line serving their residence under this roadway because the scope of the easement vested in defendants by N.C.G.S. § 136-67 is the right of ingress and egress held by the public which formerly used the roadway and does not include the installation of a sewer line.

**2. Trespass § 6 (NCI4th)— sewer line—installation on plaintiffs' property—county permit—easement condition not met—no claim of right**

A sewer line installed by defendants under a roadway on plaintiffs' land was not installed under a claim of right so as to defeat plaintiffs' action for trespass because a permit for a sewer line had been issued by the county health department where the permit was premised upon the condition that defendants install their sewer line in a "legally recorded easement," and defendants acquired no easement for their sewer line.

Appeal by defendants from order entered 14 February 1997 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 3 December 1997.

*Tart, Willis & Fusco, P.A., by O. Henry Willis, Jr., for plaintiffs-appellees.*

*Law Offices of James M. Johnson, by James M. Johnson, for defendants-appellants.*

TIMMONS-GOODSON, Judge.

This action arises out of the alleged trespass of defendants Harry R. Leveris, and wife, Betty W. Leveris, upon the property of plaintiffs Phil Moore, his wife, Linda Moore, W. R. Moore, and his wife, Elaine Moore. Plaintiffs and defendants are adjoining landowners. Plaintiffs enjoy undisputed title to a 17.33 acre tract of land which abuts State Road 1805 (also known as "Weeks Road") in Harnett County, North Carolina. Defendants own a one acre tract of land upon which their home is situated. Defendants' tract of land and home front State Road 1805, and defendants have direct access to this road.

In late 1989, when defendants decided to build a home on their tract, they could not obtain a septic tank permit from the Harnett County Health Department, because the land is not suitable for septic tank use. Defendants' land is located in the country and is, therefore, not served by a county sewer system. Defendants subsequently

learned of a way by which they could pump their sewage from their land to Gary Webb's adjoining property where it would then perk and thereby meet health department standards.

On 19 January 1990, defendants obtained an easement from Webb, which permitted the installation of a sewer line under Webb's land and maintenance of holding tanks and a sewage absorption field on his land to dispose of defendants' sewage. This easement is recorded in Deed Book 906 at page 894 of the Harnett County Registry. Defendants also dug a trench on plaintiffs' land and placed their sewer line along the path that runs from Weeks Road by defendants' house (a distance of several hundred yards in a westerly direction) back to a tract of land owned by Webb.

Defendants did not obtain a written, recorded easement from plaintiffs to cross their land with defendants' sewer line, but contend that plaintiffs Phil and W. R. Moore's father, Evander Moore, told defendant Betty Leveris (prior to defendants' laying the sewer line on plaintiffs' property) that defendants did not need an easement because the road was "no man's" land. Defendants contend that Evander Moore told Betty Leveris to put the pipe down, and assured her that there would be no trouble. Plaintiffs deny that they ever gave consent for defendants to lay a sewer line on their property. On 27 March 1990, the Harnett County Health Department issued an improvement permit that allowed defendants to install a septic tank and a pumping station on the land to pump defendants' sewage from defendants' land through an underground sewer line located in a legally recorded easement to land that would perk.

Plaintiffs filed this action on 28 October 1994, alleging that defendants were trespassing on plaintiffs' property with a four inch sanitary sewer line laid for the purpose of disposing of raw sewage from defendants' residence onto the property of Gary Webb. Plaintiffs sought an injunction restraining defendants from further trespass on their property, and a mandatory injunction ordering defendants to remove the sewer line from plaintiffs' land. Defendants filed an answer to plaintiffs' complaint, denying that they were trespassing on plaintiffs' property, and alleging as an affirmative defense, that their sewer line was installed on plaintiffs' property under a claim of right.

Thereafter, on 13 January 1997, plaintiffs filed a motion for summary judgment. In support of their motion, plaintiffs offered defendants' depositions, and several affidavits. Defendants filed their response to plaintiffs' motion for summary judgment on 24 January

1997. This response was supported by the deed of the easement from Gary Webb, and various affidavits. Plaintiffs' motion for summary judgment was heard by Judge Wiley F. Bowen during the 27 January 1997 civil session of Harnett County Superior Court. By order entered 14 February 1997, Judge Bowen granted plaintiffs' motion for summary judgment. Defendants appeal.

Defendants present but one assignment of error on appeal, by which they argue that the trial court erred in granting plaintiffs' motion for summary judgment. For the reasons discussed herein, this assignment of error fails, and accordingly, we affirm the trial court's entry of summary judgment for plaintiffs.

[1] First, defendants contend that summary judgment was improper because there was a genuine issue of material fact as to whether the roadway, under which defendants placed their sewer line, was a neighborhood public road, under which defendants had a right to install the sewer line. Summary judgment is a device by which the necessity of a formal trial may be eliminated, where only questions of law are involved and a fatal weakness in the claim or defense of a party is exposed. *Robertson v. Hartman*, 90 N.C. App. 250, 368 S.E.2d 199 (1988). At trial, the moving party bears the burden to establish the lack of triable issue of material fact. *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 449 S.E.2d 240 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). If the moving party carries this burden, the burden then shifts to the nonmoving party to present a forecast of the evidence which will be available for presentation at trial and which will tend to show that genuine issues of fact remain for trial. *Southeastern Asphalt v. American Defender Life*, 69 N.C. App. 185, 316 S.E.2d 311 (1984). On appeal, the trial court's entry of summary judgment for a particular party will be affirmed if viewing the evidence in the light most favorable to the nonmoving party, (1) there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Vassey v. Burch*, 301 N.C. 68, 269 S.E.2d 137 (1980).

In the case *sub judice*, plaintiffs brought this trespass action against defendants, alleging that defendants had, without permission, placed a sewer disposal line across plaintiffs' property for the purpose of disposing of raw sewage. Defendants, in their answer, claimed that said sewer disposal line had been installed on a public easement (a neighborhood public road), and set forth as an affirmative defense, that the sewer line was installed under claim of right.

In support of their motion for summary judgment, plaintiffs produced evidence that tended to show that they were the record owners of a 17.33 acre tract of land; that plaintiffs' tract is adjacent to defendants' property; that plaintiffs have never granted an easement over the subject property; and that "a [four] inch sanitary sewer force main [is] located on the property of . . . plaintiffs, running for a distance of not less than [one thousand] feet along the northernmost boundary of plaintiffs' [property]." Plaintiffs, then, made a prima facie showing of defendants' trespass on plaintiffs' property.

In rebuttal, defendants presented evidence that tended to show that the area under which their sewer line was installed on plaintiffs' property had been the main road leading from Dunn, North Carolina to Benson, North Carolina. Further, defendants showed that various members of the public have used the road for ingress and egress—by foot, horse and wagon, and vehicle. Defendants maintain that this evidence rebuts plaintiffs' evidence of trespass. Specifically, defendants claim that their evidence tends to show that they had the right to install the sewer line on plaintiffs' property because that property was a neighborhood road. We cannot agree.

Section 136-67 of the North Carolina General Statutes declares three distinct types of roads to be neighborhood public roads: (1) those roads which were once a part of the "public road system"; (2) those roads that had been "laid out, constructed, or reconstructed with unemployment relief funds under the supervision of the Department of Human Resources"; and (3) "[t]hose roads outside of the boundaries of municipal corporations which serve public use and as a means of ingress and egress for one or more families." *Watkins v. Smith*, 40 N.C. App. 506, 511, 253 S.E.2d 354, 357 (1979); *see* N.C. Gen. Stat. § 136-67 (1993). Defendants argue and aver that their evidence tends to show that the roadway in question is a neighborhood public road within the meaning of the first provision of section 136-67, which provides pertinently:

> All those portions of the public road system of the State which have not been taken over and placed under maintenance or which have been abandoned by the Department of Transportation, but which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families, . . . are hereby declared to be neighborhood public roads . . . .

N.C.G.S. § 136-67. However, under section 136-67, no street, road or driveway that serves an essentially private use may be defined to be a neighborhood public road. *Id.*

MOORE v. LEVERIS

[128 N.C. App. 276 (1998)]

Assuming *arguendo* that defendants' evidence creates a triable issue of fact as to whether the property upon which their sewage line rests is a neighborhood public road, we inevitably conclude that defendants cannot show that this alone entitles them to install a sewer line under a property that statutorily permits an easement for ingress and egress. Article 4, Chapter 136 of the General Statues is entitled "Neighborhood Roads, Cartways, Church Roads, etc." and governs the establishment, alteration or discontinuance of neighborhood roads, cartways, church roads, mill roads, or like easements. Therein, the only section that addresses easements and/or right-of-ways for sewer lines is section 136-71, which provides that a church or other place of public worship may acquire such an easement or right-of-way upon petition to the clerk of superior court. N.C. Gen. Stat. § 136-71 (1993). As defendants' sewer line services only their residence, the provisions of section 136-71 are not applicable to this case.

Section 136-67 retained and reserved the easements previously owned by the State in and to segments of abandoned roadways, as neighborhood public roads, *Woody v. Barnett*, 235 N.C. 73, 68 S.E.2d 810 (1952), and does not invest any private easement in owners of property abutting the abandoned road, *Mosteller v. R.R.*, 220 N.C. 275, 17 S.E.2d 133 (1941). These property owners' right to the continued use of such a road is usually the same as that of the public. *Id.* "Generally, 'once an easement has been established, the easement holder must not change the use for which the easement was created so as to increase the burden of the servient tract.'" *Swaim v. Simpson*, 120 N.C. App. 863, 864, 463 S.E.2d 785, 786 (1995) (citing I. Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 15-21 (4th ed. 1994) (alteration in original)), *aff'd*, 343 N.C. 298, 469 S.E.2d 553 (1996).

The scope of the easement vested in defendants by section 136-67 is that right of ingress and egress held by the public which formerly used the roadway. Defendants cannot be allowed to enlarge the use of the easement, absent some legal right to do so. Mere grant of the right of ingress and egress does not allow defendants to install a sewer line on that property. *See id.* (holding that the plaintiff's express easement of right-of-way for ingress and egress over the defendants' property would not be enlarged to allow the installation of an underground utility and telephone lines on the defendants' property, absent express provision for such, although the plaintiff's deed restricted his lot to residential use).

**[2]** Defendants also contend that summary judgment was improper because there was a genuine issue of material fact as to whether defendants installed their sewer line under a claim of right pursuant to a permit issued by the Harnett County Health Department. This argument is unsupported by any citation to authority, and is, therefore, deemed abandoned. N.C.R. App. P. 28(b)(5). Moreover, the argument is specious. Clearly, the permit issued by the Health Department was premised upon the condition that defendants install their sewer line in a "legally recorded easement." As this condition was not met, defendants cannot now successfully maintain that the sewer line installed on plaintiffs' property was installed under any claim of right.

Because defendants cannot show that there is, indeed, any genuine issue remaining for trial as to whether they were legally entitled to lay their sewer line under plaintiffs' property, plaintiffs' motion for summary judgment was properly granted. Accordingly, the order of the trial court is affirmed.

Affirmed.

Judges LEWIS and WALKER concur.