MICHAEL FAIRBANKS as GAL for LUCAS FAIRBANKS, a Minor, MICHAEL FAIRBANKS, AND DONNA FAIRBANKS, Individually, Plaintiffs,
v.
MICHAELA DIONNE BREWINGTON, EDINBURGH HOMEOWNERS ASSOCIATION AND ASSOCIATION MANAGEMENT GROUP, INC., Defendants.
No. COA09-237.
Court of Appeals of North Carolina.
Filed January 19, 2010.
This case not for publication
Mark V.L. Gray, for Plaintiff-Appellant.
Gregory A. Wendling, for Defendants-Appellees.
WYNN, Judge.
To establish a prima facie case of negligence liability, a plaintiff must first show that a defendant owed him a duty of care.[1] Here, Plaintiffs contend that Defendants owed a duty to "trim back or remove" vegetation that "created a visual obstruction" for a driver whose vehicle struck and injured the minor Plaintiff. Because Plaintiffs fail to forecast sufficient evidence to establish the existence of a legal duty, we affirm the trial court's decision.
Plaintiffs are Michael Fairbanks acting individually and as Guardian ad Litem for Lucas Fairbanks, a minor; and Donna Fairbanks acting individually. At the time of the acts giving rise to this matter, Lucas Fairbanks rode his bike in the Edinburgh Subdivision of Greensboro when he was struck by a vehicle driven by Michaela Dionne Brewington. Plaintiffs brought a personal injury action against Brewington alleging that she "recklessly and negligently drove her vehicle and hit, plaintiff, Lucas Fairbanks, a minor, after he exited the driveway on his bicycle." That action is not the subject of this appeal.
Instead, this appeal arises from a "second cause of action" brought by Plaintiffs against Defendants Edinburgh Homeowners Association and Association Management Group, Inc. In that action, Plaintiffs alleged that Defendants negligently failed to maintain foliage in a common area bordering the street on which the accident occurred. Plaintiffs alleged that the foliage obstructed Brewington's view and was a contributing factor to her collision with Lucas Fairbanks.
The issue on appeal is whether the trial court properly granted summary judgment in favor of Defendants. Because the record shows that Plaintiffs failed to establish that Defendants owed Plaintiffs a duty, we affirm summary judgment in favor of Defendants.
"In a negligence action, summary judgment for defendant is proper where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of the plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury." Williams v. Carolina Power & Light Co., 36 N.C. App. 146, 147, 243 S.E.2d 143, 144 (1978) (citation omitted), rev'd on factual grounds by, 296 N.C. 400, 250 S.E.2d 255 (1979). If a defendant is able to show that no genuine issue exists with respect to a material fact, the plaintiff must rebut the defendant's showing. Clifton v. Fesperman, 50 N.C. App. 178, 181, 272 S.E.2d 624, 626 (1980) (citation omitted).
Here, Plaintiffs argue that Defendants owed Lucas Fairbanks a duty to maintain the common areas in the community, and Defendant breached that duty when they failed to cut the foliage that contributed to the accident. However, Plaintiffs fail to cite any authority to establish that Edinburgh Homeowners Association or Association Management Group, Inc. owed a legal duty to Lucas Fairbanks to maintain the foliage in the common area. Without the existence of a legal duty, Plaintiffs cannot establish a prima facie case for negligence. Accordingly, we affirm the trial court's grant of summary judgment in favor of Defendants.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] Southerland v. Kapp, 59 N.C. App. 94, 95, 295 S.E.2d 602, 603 (1982) (citation omitted).